Dec #097180

# FEDERAL U.S. DISTRICT COURT

## OF THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

Case:2:16-cv-13734
Judge: Hood, Denise Page
MJ: Grand, David R.
Filed: 10-20-2016 At 09:02 AM
CMP KEVIN SCOTT V TROTT LAW P.C , E
T AL (LG)

KEVIN SCOTT

29343 Fieldstone

Farmington Hills, Mi 48334

### CIVIL ACTION COMPLAINT

### AND JURY DEMAND

PLAINTIFF

-v-

Trott Law, P.C.

31440 Northwestern Hwy., Suite 200

Farmington Hills, Michigan 48334

DEFENDANT

1

## TABLE OF AUTHORITIES

Friend of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 180-81 (2000).....22

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).................................22

Kevin Scott v. Bank of America, E.D.  Mich. 12-12864(2012)...........................10,25

McPeak v. McPeak (On Remand), 233 Mich. App. 488, 593 N. W. 2d 180 (1999...23

Montgomery v. Huntington Bank, 346 F. .3d 693, 698-99 (6th Cir.2003)..............13

Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009).......13

Smith v. Ely, 470 Mich.893; 683 N. W. 2d 145 (2004)............................................23

Ziemba v. Cascade Int'l. Lic., 256 F.3d 1194, 1202 (11th Cir.1997)(internal

quotation and citation omitted)..............................................................................19

Federal Rule Civ. Procedure 9 (b).......................................................................18,19


FDCPA ACT..............................................................8,10,12,13,14,15,18,25

FDCPA 15 U.S.C. §§ 1692-1692P..................................................................5,6,7,25

FDCPA § 809(B)...................................................................................................13

FDCPA § 807(5) 1692 § 1692(5)................................................................5,6,9,15

RESPA ACT..........................................................................................5,6,15,18,25

FTC Sec 5(a).........................................................................................................6

FTC ACT 15 U.S.C. § 45(A)....................................................................................6

MI Civ. JI 118.21...............................................................................................23

MCL 339.918(e)(2)............................................................................................17

MCL 600.3205, (c)(d)(e) 4(ii)...........................................................................6,25

MCL 600.320 a (c)(d)(e) 4(iii)............................................................6,25

12 U.S.C § 1331..................................................................................7

12 U.S.C. § 2605..............................................................................16

12 U.S.C. §2605 (e)(5)....................................................................5,16

15 U.S.C. §§ 1692 to 1692p.................................................................6

15 U.S.C § 45 (a)..................................................................................6

15 U.S.C. 1692 a (6)...........................................................................13

15 U.S.C. § 1692 K(a)........................................................................14.

15 U.S.C. § 1692 e(5)...........................................................................6

28U.S.C. 1331......................................................................................7

28 U.S.C 1391......................................................................................7

42 U.S.C Sec 1981.............................................................................6,24

## STATEMENT OF ISSUE PRESENTED

- Should the Court issue an injunction stopping the foreclosure sell of Plaintiff home.
- Should Defendant be held responsible with all counts in the complaint.


- Plaintiff answers yes.
- Defendant would answer no

## STATEMENT OF CONTROLLING AUTHORITY

Plaintiff relies on FDCPA 15 U.S.C. §§ 1692-1692p, RESPA Act, FDCPA§ 807

(5) 15 U.S.C. § 1692 e(5), and 42 U.S.C. 1981 Equal rights under the law, in

addition to the case laws and other authority cited in the brief.

## INTRODUCTION

1.      Plaintiff bring this lawsuit against Defendant for its deliberate and intentionally  action to injured Plaintiff by Fraudulently Foreclosing on the Plaintiff family home in violation of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p,  RESPA Act, and Violation of the (FTC) enforces Section 5(a) of the FTC Act, 15 U.S.C § 45(a), which prohibits unfair or deceptive act or practices in or affecting commerce, which prohibits abusive, deceptive, and unfair debt collection practices and imposes duties upon debt collectors.  The threat to take any action that cannot legally be taken or that is not intended to be taken FDCPA§ 807(5). 15 U.S.C.§ 1692e(5),  Fraud , Intentional  Infliction Of Emotional Distress, Unreasonable  Professional Collection Efforts, and Violation of Plaintiff Civil Rights 42 U.S.C  Section 1981, Plaintiff seeks **a permanent injunction stopping the illegal foreclosure sale of Plaintiff home set for November 8, 2016 ,** and monetary civil penalties against Defendant.

2.      The State of Michigan is a Non Judicial & Judicial Foreclosure State and the Plaintiff is entitled to the protection and legal requirements pursuant to MCL 600.3205a,(c)(d)(e) 4(ii)., FDCPA 15 U.S.C §§ 1692 to 1692p, and the RESPA Act.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter under 28 U.S.C. 1331,

FDCPA 15 U.S.C §§ 1692 to 1692p.   Plaintiff is a citizen of Michigan, and the

Defendant is a corporate citizens in the State of Michigan.

4.      The Defendants were doing business in the State of Michigan and

the transactions  took place in the State of Michigan, Oakland County.

5.      Venue is proper in this District pursuant to 28 U.S.C 1391 because

the Defendant does business in this District, and the alleged misrepresentations

took place in this District.

## PLAINTIFF

6.      Plaintiff, Kevin Scott is a natural person who resides in the property

at 29343 Fieldstone Farmington Hills, Mi 48334.

## DEFENDANT

7.      Defendant, Trott Law, P.C. has two offices, Defendant Headquarters

is located at 31440 Northwestern Hwy., Suite 200 Farmington Hills Michigan

48334.  The second location is 4024 Park East Court, Suite B Grand Rapids,

Michigan 49546.

## BACKGROUND

8.      On **September 20, 2016**, Plaintiff received a notice from Defendant  a debt collector attempting to collect a debt for Bank of America, See Ex. A.

9.      Plaintiff was advised in Defendant letter dated **September 20, 2016,** Ex. A, the following:" Unless you notify this office within (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid."

10.      When a mortgage foreclosure is initiated, Michigan law provides safe guards before a homeowner house would be listed to be sold at a foreclosure. (1st) from the date of the debt collector letter, Plaintiff by law has 30 days to respond to the validity of the debt.

11.      Defendant  letter dated **September 20, 2016**, Ex. A,  the letter advised Defendant represent Bank of America, and under the terms of the mortgage Bank of America has elected to accelerate the total indebtedness due and owing under the mortgage.  No notice was placed on the home until October 14, 2016 in further violation of FDCPA Act,

12.     Defendant letter dated **September 20, 2016** advised Plaintiffs of the

following:

"Unless you notify this office within thirty(30) days after receiving this
notice that you dispute the validity of this debt, or any portion thereof, this office
will assume this debt is valid.  If you notify this office in writing within (30) days
after receiving this notice that you dispute the validity of this debt, this office will
obtain verification of the debt or a copy of the judgment, if applicable, and mail a
copy of such verification or judgment to you.  If you request in writing, within
thirty (30) days after receiving this notice, this office will provide you with the
name and address of the original creditor, if different from the current creditor."

13.     On **October 8, 2016**, just 18 days into the 30 days,  Defendant mailed

another letter to Plaintiffs home that read, See Ex. B,  **Plaintiffs home was now**

**illegally slated to be sold at public venue,  at the place of holding the circuit**

**court within Oakland County, at 10:00 AM, on November 8, 2016.**  This is a clear

illegal actions in violation FDCPA § 807(5), and RESPA ACT.

14.     On **October 11, 2016,** See Ex. C,  Defendant received a certified letter

that, Plaintiff disputed the debt that Bank of America haven't received any

mortgage payment from Plaintiff in 3 years and 3 months.

15.     Defendant Trott Law, P.C., illegally demanded $180,131.05 from

Plaintiff on September 20, 2016 without verification of the debt.see Ex: A,

however on September 29, 2016, Bank of America also misrepresented the correct amount of the debt at $115,946.31 in violation of the FDCPA Act. Plaintiff only owes approx $65,995.52 on the loan.

16.     After receiving Plaintiff response, Defendant still failed to obtain verification of the debt. Defendant failure not to respond is critical for the Court to issue the permanent injunction stopping the illegal foreclosure sell of Plaintiff home.

17.     Defendant failed to verify the illegal debt, but dispute that, Defendant listed Plaintiff home illegal in the new papers, in violation of the FDCPA Act, RESPA ACT.

18.     Plaintiff notified Defendant of the disputed debt on October 8, 2016, Ex. C, Defendant failed to response after 5 days, in violation of the FDCPA Act.

19.     Defendant was advised in Plaintiff letter dated October 8, 2016 Ex. C, to contact Bank of America Lawyers that represented Bank of America in the civil lawsuit  Kevin Scott v. Bank of America, E.D. 12-12864. Plaintiff provided all of the missing checks to the 4 lawyers working for the law firm Maddin, Hauser, Roth & Heller, P.C., and they in turn were ordered by the Court to turn all checks over to their Bank of America.

20.    Attorney Mark Plaza in a signed letter, See Ex. D, in response to my inquire admitted Bank of America was given all of my checks, as the Court ordered the lawyers to do.  Therefore if the Defendant had perform their job correctly because there are no missing mortgage payments. Plaintiff wouldn't be going through all of this pain and suffering, and spending money to defend the Defendant illegal actions, Defendant actions are egregious against Plaintiff.

21.    Defendant was advised in Plaintiff letter dated October 8, 2016, Ex. C, to contact Attorney Marie Vathis who currently represents Bank of America in this illegal foreclosure actions against Plaintiff.  Ms. Vathis could and have verify Plaintiff made his payments in the amount of $2,888,98.

21.    Defendant was advised in Plaintiff letter dated October 8, 2016, Ex. C,  to contact Attorney David Michael, who could and have personally confirm Plaintiff made his payments in the amount of $2,888.98.

22.    Defendant was advised in Plaintiff letter dated October 8, 2016, Ex. C,  to contact Attorney Kristina Janssens, who would confirm Plaintiff  payments given to Bank of America.

23.     Defendant was advised in Plaintiff letter dated October 8, 2016, Ex. C, to contact Attorney Martin S. Frenkel. who would confirm all payments were given to Bank of America in the amount of $2,888.98.

24.     Defendant was advised in Plaintiff letter dated October 8, 2016, Ex. C, to contact Attorney Mark Plaza, who could and have personally confirm Plaintiff made his payments in the amount of $2,888.98.

25.     Defendant was advised that all of the attorneys would verify all of Plaintiff mortgage payments were given to the lawyers in person at the law firm of Maddin, Hauser, Roth & Heller, P.C.

26. **Attorney Mark Plaza responded to Plaintiff notice, and sent Plaintiff a signed  letter stating he gave my checks to Bank of America.**

27.     Defendant was advised of the following "All of the missing checks your client claim are missing were accounted for in writing by their own attorneys and all of the checks were in the amount of $2,888.98."

28.     Defendant failed to verify the debt by failing to contact Attorney Marie Vathis that represent Bank of America in this new illegal foreclosure.

Attorney Marie Vathis has admitted in writing, Plaintiff gave checks in the amount of $2,888.98 to the lawyers.

29.     Plaintiff demanded Defendant cease and desist any further illegal foreclosure proceeding, Defendant despite the knowledge given intentionally continue to pursued their course of illegal conduct.

30.     Defendant  knowingly failed to contact any of the attorneys  to confirm Plaintiff payments, therefore **Defendant stopped being a debt collector and became a law firm working for Bank of America under the flag of a debt collector.** Defendant with a minimum of at least 10 years experience violated the FDCPA on purpose and must be held accountable for their actions.

## COUNT 1: FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

31.     Plaintiff incorporates by reference the allegations from number 1-97, as if fully set forth in this paragraph.

32.     Defendant violated 15 U.S.C 1692 a(6) by using interstate commerce or the mail to collect a debt not owed.   Montgomery v. Huntington Bank, 346 F. .3d 693, 698-99 (6th Cir.2003)

33.     Under the FDCPA, a consumer's creditors, a mortgage servicing company, or an assignee of a debt are not consider debt collectors, **as long as the debt was not in default at the time it was assigned,** Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009),  Plaintiff was not in default, Defendant failed to validate the debt.

34.     According to the Fair Debt Collection Parties Act §809 (b) if consumer notifies the debt collector in writing within thirty days period..that the debt, or any portion thereof, is disputed..the debt collector shall cease collection of the debt..until the debt collector obtains verification of the debt.  Defendant knowingly failed to wait 30 days, in violation of the FDCPA Act.

35.     Defendant  violated the FDCPA Act by not stopping the illegal foreclosure sale of Plaintiff home dated for November 8, 2016 at 10:00am in Oakland County.

36.     Defendant knew the high probability that injury or damages to Plaintiff would result and despite that knowledge, Defendant intentionally after being given notice on October 11, 2016, Ex. C, pursued their course of conduct resulting in injury and severe damage to Plaintiff and his family health.

37.     Defendant refused to stop the sale of Plaintiff home and continued to harass Plaintiff family even though the amount being sought were base on Fraudulent documents listing different amounts illegally not owed to Defendant.

38.     Because the conduct of Defendant was frequent and persistent, because the nature of the violation of the FDCPA were so egregious, and because the FDCPA violation was part of a deliberate scheme, Plaintiff is entitled to the maximum possible relief permitted under 15 U.S.C. § 1692k(a).

39.     Plaintiff also request Actual Damages, Statutory, including Pain & Suffering, or Compensatory damages, Mental Anguish, and Exemplary Damages.

## COUNT 2: VIOLATION OF RESPA ACT

40.     Plaintiff incorporates by reference the allegations from number 1-97, as if fully set forth in this paragraph.

41.     RESPA provide for certain requirements to be followed by the entities or persons responsible for servicing a federally related mortgage loan, and Defendant violated RESPA Act knowingly with total disregard for the truth.

42.     RESPA provide Defendant list the home in the paper four successive weeks.  Defendant first notice was dated **September 20, 2016,** See Ex. A,

15

Defendant second notice was dated **October 7, 2016**, See Ex. B, Defendant only listed the home only for 3 weeks in violation of the RESPA Act.

43. Defendant On **October 7, 2016**, <u>just 18 days into the 30 days</u>, Defendant mailed another letter to Plaintiffs home that read, See Ex. B, **Plaintiffs home was now illegally slated to be sold at public venue, at the place of holding the circuit court within Oakland County, at 10:00 AM, on November 8, 2016.** This violation by Defendant is extremely clear and illegal in violation FDCPA § 807(5), RESPA Act.

44. Defendant knew the high probability that injury or damages to Plaintiff would result and despite that knowledge, Defendant intentionally after being given notice by Plaintiff with a certified letter dated October 8, 2016, Defendant pursued their course of conduct resulting in injury and severe damage to Plaintiff and family.

45. Plaintiff is entitled to actual and statutory damages, 12 U.S.C. § 2605 (e),

46. Plaintiff also request Actual Damages, Statutory, including Pain & Suffering, or Compensatory damages, Mental Anguish, and Exemplary Damages.

16

## COUNT 3: UNREASONABLE COLLECTION EFFORTS

47.     Plaintiff incorporates by reference the allegations from number 1-97, as if fully set forth in this paragraph.

48.     Defendant efforts to collect on Plaintiffs loan was fraudulent. Defendant engaged in a course of harassment and misinformation that was intentional, knowing and reckless.  Defendant was reckless or malice disregard for the rights of others, here Defendant refused to contact the attorneys that would confirmed all payments given to Bank of America.

49.     Both the state and Federal Acts require debt collectors to validate debt.  Michigan places an additional requirement "verification" of the debt or any disputed portion of the debt shall include the number and amount of previously made "payments" MCL 339.918(e)(2).

50.     Defendant made representations to Plaintiff in the course of its business and in a transaction in which it had a pecuniary interest to easily make a quick buck by not following the law .  Defendant actions was without just cause or reason  to commit a wrongful act that has/will result in serious harm to Plaintiff and family.

51.     Defendants did not exercise reasonable care or competence in obtaining or communicating  the truthful facts about payments received by Bank of America from anyone.

52.     Plaintiff justifiably relied on the information, expecting the Defendant would engage in a meaningful review of Plaintiff request that no payments were missing, and contact all of the lawyers who would have confirmed all payments were paid to Bank of America, that came by a Order of the Court that command the lawyers to turn all check over to their client.

53.     Defendant representations were false, fraudulent and inaccurate and which was made recklessly and with total disregard for the truth or validity thereof.

54.     Defendant repeatedly misrepresented and misstated the amount that were never owed.  Bank of America stated illegally $115,946.31 owed and Defendant cited $180,131.05 owed, both figures was wrong and fraudulent.

55.     This action was quickly done to promote fear in Plaintiff home by violating Plaintiff rights.   Defendant violated the RESPA , FDCPA Acts in its entirety to help their business associate Bank of America to promote fear, mental stress, and pain & suffering using the legal power in trusted to them in an illegal

18

manner to sell a homeowner home without justifying their action before a court of law.

56.     Plaintiff request Actual Damages, Statutory, including Pain & Suffering or compensatory damages, Mental Anguish, and Exemplary Damages.

### Count 4: FRAUD, MISREPRESENTATION

57.     Plaintiff incorporates by reference the allegations from number 1-97, as if fully set forth in this paragraph.

58.     The allegations of fraud must satisfy a heightened pleading standard under Federal Rules of civil procedure 9(b).  Such allegations must state with particularity the circumstances constituting the fraud, by alerting Defendant to the precise misconduct with which they are charged and protecting Defendant against spurious charges.  Ziemba v. Cascade Int'l. Lic., 256 F.3d 1194, 1202 (11th Cir.1997)(internal quotation and citation omitted).

59.     Federal Rule 9 (b) would be satisfied with the following (1).  Precisely what statements were made in what documents or oral representation or what omissions were made, and (2).  The time and place of each statement and the person responsible for making(or, in the case of omissions, not making) same, and

19

(3).  The content of such statements and the matter in which they mislead the Plaintiff, and (4).  What Defendant obtained as a consequence of fraud.

60.     Defendant  efforts to illegally  collect $180,131.05 on Plaintiffs' loan were fraudulent and inaccurate.  Plaintiff with only two years left before the loan will be paid off in full, only owes approx $ 60,000.00 on the loan.  Plaintiff is current, all payments in question were given to Bank of America in the amount of $2,888.98 in the 3 years and three month listed by Bank of America.

61.     Defendant made a material representation; it was false;  when Defendant made it, Defendant knew that it was false or made recklessly without knowledge of its truth or falsity; Defendant made it with the intent that Plaintiffs would act upon it; Plaintiffs acted in reliance upon it; Plaintiffs suffered damage.

62.     Defendant engaged in a course of harassment and misinformation that was intentional, knowing and reckless.  Plaintiff has proven malice or reckless disregard with Defendant actions by not contacting anyone to confirm Plaintiff payments.

63.     Defendant has refused to verify the debt and learn that all payments were paid to Bank of America.

64.     Defendant made representation to Plaintiff, in the course of its business and in a transaction in which it had a pecuniary interest.  These representation were intentional and negligent.

65.     In law malicious intent refers to the intent, without just cause or reason, to commit a wrongful act that will result in harm to Plaintiff.  In this case Defendant had no just cause, but only wanted  to made some quick money from the sale of Plaintiff home.

66.     Defendant did not exercise reasonable care or competence in obtaining or communicating the truthful facts that all of the 3 years and 3 months of payments were given to Bank of America Four (4) Attorneys who was under a Court order to give all payments received from Plaintiff to Bank of America.

67.     Attorney Mark Plaza verified in his letter dated October 5, 2016 Ex. D, that he received all payments and turned all payments to his client, Bank of America,  Defendant failed to exercise reasonable care or competence in obtaining or communicating the truthful facts about the payments Bank of America received from Plaintiff by not calling Attorney Mark Plaza to learn no payments were missing.

21

68.     Plaintiff by certified mail informed Defendant , Attorney Marie Vathis was Bank of America attorney in this current illegal foreclosure, and she knew Plaintiff disputed owing Bank of America any money because Attorney Marie Vathis verified in writing  Plaintiff payments in the amount of $2,888.98. given to Bank of America by the other four Attorneys that work for the Law firm Maddin, Hauser, Roth & Heller, P.C.

69.     Defendant was negligent not to call Attorney Mark Plaza, Defendant would have been given a copy of Attorney Mark Plaza letter that acknowledged all payments were turned over to Bank of America, stopping their illegal foreclosure against my family. See Ex.D.

70.     Plaintiff request Actual Damages, Statutory, including Pain & Suffering or compensatory damages, Mental Anguish, and Exemplary Damages.

### Count 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.     Plaintiff incorporates by reference the allegations from number 1-97, as if fully set forth in this paragraph.

72.     Plaintiff and family are suffering tremendous emotional strain with this ordeal of illegal fraudulent action by Defendant.

73.     Plaintiff have suffered an injury in fact that is concrete and particularized,  actual or imminent, not conjectural or hypothetical.

74.     Plaintiff injury is fairly traceable to the challenged action of the defendant, it is likely, as opposed to speculative, that the injuries will be redressed by a favorable decision by a jury. Friend of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 180-81 (2000)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

75.     Defendant Intentional of emotional distress involved outrageous and extreme conduct that goes beyond the bound of common human decency and cause emotional harm to another.  Defendant act or acts did rise to the level of emotional distress, because they far surpass mere insults, annoyance, indignities, and other trivialities.  The illegal taking and the selling of one family home is extreme emotional distress.

76.     The conduct by Defendant was outrageous or extreme.

77.     Defendant by intention or reckless disregard, cause the emotional distress.

23

78.    Plaintiff did indeed  suffer emotional distress, receiving many letter in the mail.

79.    The proximate cause of the emotional distress was by the Defendant actions.

80.    In order to justify exemplary damages act or conduct complaint of must be voluntary and the act must inspire feeling of humiliation, outrage, and indignity; the act or conduct must also be malicious or so willful and wanted as to demonstrate a reckless disregard of Plaintiff rights Mi Civ. Jl 118.21; McPeak v. McPeak (On Remand), 233 Mich. App. 488, 593 N. W. 2d 180 (1999), also see Smith v. Ely, 470 Mich.893; 683 N. W. 2d 145 (2004).

81.    Defendant conduct indeed bring their actions to the rise of these charges.

82.    Plaintiff request Actual Damages, Statutory, including Pain & Suffering or Compensatory damages, Mental Anguish, Exemplary Damages, and punitive damages.

**COUNT: 6  42 U.S.C. 1981, EQUAL RIGHTS UNDER THE LAW**

83.     Plaintiff incorporates by reference the allegations from number 1-97, as if fully set forth in this paragraph.

84.     Plaintiff, being an African American, alleged his constitution rights were violated by Defendant knowingly after receiving Plaintiff letter sent certified disputing all of the debt. Defendant failed to verified the debt with Bank of America current lawyer Attorney Marie Vathis, and the 4 others lawyers Defendant was advised to contact.

85.     Defendant violated Plaintiff rights for the security of persons and property as is enjoyed by white citizens.

86.     Plaintiff has the rights to sue Defendant illegal actions, violating Plaintiff constitution rights.

87.     Defendant conduct indeed bring their actions to the rise of these charges, by knowingly listing Plaintiff home for sale fraudulently.

88.     Plaintiff request Actual Damages, Statutory, including Pain & Suffering or compensatory damages, Mental Anguish, and Exemplary Damages.

## REQUEST AND PRAYER FOR RELIEF

89.     Grant Plaintiff an immediate Injunction to cancel the foreclosure on Plaintiffs' home dated for November 8, 2016 at 10:00am by Trott Law, P.C.

90.     Grant a Permanent Injunction, until such time that Defendant Lawyers in case Re. Kevin Scott v. Bank of America, E.D.  Mich. 12-12864. confirm all checks given to all of the lawyers.

91.     Compel validation of all checks and the amounts from 2010 to Current date, because Attorneys Martin S. Frenkel, and Mark E. Plaza stated the following: **"We have no further response for you."** See Ex. E. Plaintiff has attached a sworn affidavit to this complaint Ex. F.

92.     Grant Plaintiff all court costs and court fees.

93.     Plaintiff seeks the following relief: (1). Permanent Injunction, stopping the illegal foreclosure(2) Actual Damages, (3). Exemplary Damages, (4). Pain & Suffering, (5). Statutory Damages, (6). Mental Anguish, (7). Compensatory Damages, (8). Penalties under RESPA Act 12 U.S.C, MCL 600.320a (c)(d)(e) 4(iii), FDCPA, 15 U.S.C §§ 1692 to 1692p, and (9) Grant Plaintiff any and all other, or further relief allowed by law which this court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

94.     Plaintiff reserves the right to add Counsel(s) at any point.

## DEMAND FOR ANTI SPORITION ORDER

95.     Plaintiff request all files, e-mails, computer record, etc are saved.

96.     Plaintiff hereby reserve the right to Amend this complaint to supplement or modify the factual obligation and claims contained herein, base upon information from the Defendant, witness, expects and other in the course of discovery in this matter.

## JURY REQUEST

97.     Wherefore, Plaintiff Kevin Scott respectfully request a **Jury Trial Demand,**  against Defendant, for its deliberately and intentionally injuries against Plaintiff and Family.  Defendant representation in this illegal Foreclosure were totally illegal, false, fraudulent, egregious, inaccurate and which was made recklessly and with total disregard for the truth.  Plaintiff seek minimum damages in the amount of $ 1,000,000.00

Dated: October 20, 2016                                    Respectfully Submitted

                                                                         KScott@mi.rr.com

                                                                         (248) 789-6869

## CERTIFICATE OF SERVICE

I herby certify that a copy of this complaint was served to the Defendant

Trott Law, P.C. at 31440 Northwestern Hwy., Suite 200 Farmington Hills,

Michigan 48334. I also certify the return copy was filed with the District Court.

Date: October 20, 2016                    Kevin Scott

                                          KScott@mi.rr.com
                                          (248) 789-6869

# EXHIBIT: A

# TROTT LAW

**HEADQUARTERS**
31440 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
(248) 642-2515 / fax (248) 642-3628

**GRAND RAPIDS**
4024 Park East Court, Suite B
Grand Rapids, Michigan 49546
(616) 942-0893 / fax (616) 942-0921

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

September 20, 2016

Kevin Scott and Annette Payton-Scott
29343 Fieldstone
Farmington Hills, MI 48334-4103

RE: Scott, Kevin
    29343 Fieldstone
    Farmington Hills, MI 48334-4103
    Trott #  402933F03
    Loan #  872602748
    Fannie Mae (RC) #1695639471

Dear Borrower(s):
This office represents Bank of America, N.A.. This matter was referred to this office to foreclose the mortgage. Under the terms of the mortgage, our client has elected to accelerate the total indebtedness due and owing under the mortgage. Because of interest, fees, and other charges, the total amount you owe may increase depending on the day of payment.

As of the date on this letter the total indebtedness is:

| | |
|---|---:|
| Principal Balance | $139,164.73 |
| Unpaid Interest | $22,324.89 |
| Late Charges | $491.33 |
| Allowable advances pursuant to the terms of the mortgage | $877.50 |
| Less Escrow Balance | $2,249.71 |
| Escrow Advance | $19,472.31 |
| NSF Fees | $50.00 |
| *Total:* | **$180,131.05** |

Identification of Creditor: Federal National Mortgage Association (Fannie Mae) is the owner of the debt. Bank of America, N.A. is the servicer of the debt. The mortgage loan payments are made to the servicer.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or a copy of the judgment, if applicable, and mail a copy of such verification or judgment to you. If you request, in writing, within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact this office if you are on active military duty. To the extent the mortgage debt has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and/or is notice of the creditor's intent to enforce a lien against the property and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.

Yours very truly,
Trott Law P.C.
Regular business hours: 8:30 a.m. - 5:00 p.m.

# EXHIBIT: B

Notice Of Mortgage Foreclosure Sale

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Kevin D. Scott and Annette Payton-Scott, husband and wife, original mortgagor(s), to Bank of America, N.A., Mortgagee, dated April 26, 2004, and recorded on April 28, 2004 in Liber 33421 on Page 316, in Oakland county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of One Hundred Eighty Thousand Six Hundred Eighteen and 75/100 Dollars ($180,618.75).

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Oakland County, at 10:00 AM, on November 8, 2016.

Said premises are situated in City of Farmington Hills, Oakland County, Michigan, and are described as: Unit No. 4, Timbercrest Woods Condominium, a Condominium, project according to the Master Deed thereof as recorded in Liber 21307 at Page 655, inclusive, together with any and all amendments thereto, City of Farmington Hills, Oakland County, Michigan, and designated as Oakland County Condominium Plan No. 1258, together with rights in general common elements and limited common elements, as set forth in the above Master Deed as described in Act 59 of the Public Acts of 1978, as amended

The redemption period shall be 12 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

Dated: October 7, 2016
For more information, please call:
FC H (248) 593-1300
Trott Law, P.C.
Attorneys For Servicer
31440 Northwestern Hwy Ste. 200
Farmington Hills, Michigan 48334-5422

File #402933F03

# EXHIBIT: C

To: Trott & Trott Law P.C.

From: Kevin Scott

Subject: 39 months of missing mortgage payments, #402933F03, Loan# 872602748, Fannie Mae(RC) 1695639471

     Bank of America knowingly sent this false fraudulent letter to my home, I dispute their fraudulent claims they has not received a monthly mortgage payment as they describe in the following manner:

5    monthly payments in the amount of $2,888.98

12   monthly payments in the amount of $2,759.08

12   monthly payments in the amount of $2,737.76

10   monthly payments in the amount of $2,772.05


     All of the following attorneys that represented your client in case number 12-12864, were given all of the checks directly by Mr. Scott in person. Cease and desist any further illegal foreclosure proceeding. All of the missing checks your client claim are missing were accounted for in writing by their own attorneys listed below, and all of the checks were in the amount of $2,888.98. Your client knows all checks are account for, therefore this fraudulent action by your client will not be tolerate. Cease and desist these fraudulent actions by your client and by attorney Marie Vathis who sent this letter to my home knowing this letter to be false and fraudulent.

(1)    Attorney Marie Vathis

(2)    Attorney David Michael

(3)    Attorney Mark Plaza

(4)    Attorney Kristina  Janssens

(5)    Martin S. Frenkel

Date: 10-8-16

                     Kevin Scott

                     KScott@mi.rr.com

                     (248) 789-6869

# EXHIBIT: D

**mh**

m a d d i n    h a u s e r

Maddin Hauser Roth & Heller P.C.
a t t o r n e y s   a n d   c o u n s e l o r s

Mark E. Plaza
Direct Dial: (248) 208-0710
Direct Fax: (248) 208-0730
E-Mail: mplaza@maddinhauser.com

October 5, 2016

*Via Email and First Class Mail*
Mr. Kevin Scott
29343 Fieldstone
Farmington Hills, MI 48334

Re:     Kevin Scott v. Bank of America, E.D. Mich. 12-12864

Dear Mr. Scott,

I am in receipt of an e-mail that you sent to me on September 26, 2016, as well as a second e-mail on September 28, 2016, and a third e-mail on October 4, 2016, regarding checks that you sent to my office at various times during the pendency of the above-referenced lawsuit. It is my understanding that you sent similar e-mails to my colleague, Martin Frenkel, and a former colleague, Kristina Janssens, who is no longer an employee of Maddin Hauser. This correspondence is being sent in response to your e-mails.

Please note that Maddin Hauser is no longer involved in this matter. Maddin Hauser did not defend your appeal to the Sixth Circuit, and my firm is not involved in any foreclosure proceeding that may be taking place right now. It appears based on your message that Trott Law may have been retained for this purpose.

With that said, we have checked our records in response to your message. Any and all checks that my office received from you were either returned to you or forwarded on to our client. My firm is not in possession of any checks or funds delivered by you.

I hope this message resolves your inquiry.

Very truly yours,

MADDIN, HAUSER, ROTH & HELLER, P.C.

Mark E. Plaza

MEP/mlb
ec:     Martin S. Frenkel, Esq.
Kristina Janssens, Esq.
Bank of America

1915402 (11225-0271)

# EXHIBIT: E

**m a d d i n   h a u s e r**

Martin S. Frenkel
Direct Dial No: (248) 827-1891
Direct Fax No: (248) 359-6141
E-Mail: mfrenkel@maddinhauser.com

M a d d i n   H a u s e r   R o t h   &   H e l l e r   P C
a t t o r n e y s   a n d   c o u n s e l o r s

28400 Northwestern Highway    Second Floor    Southfield, MI 48034-1839    (248) 354-4030    fax (248) 354-1422    www.maddinhauser.com

October 6, 2016

***Via Email and First Class Mail***
Mr. Kevin Scott
29343 Fieldstone
Farmington Hills, MI 48334

Re:    Kevin Scott v. Bank of America, E.D. Mich. 12-12864

Dear Mr. Scott:

We are in receipt of e-mails that you sent to attorneys in this firm on September 26, 2016, as well as on September 28, 2016, October 4, 2016, and October 5, 2016, regarding checks that you sent to this office for delivery to our client at various times during the pendency of the above-referenced lawsuit.  This correspondence is being sent in supplemental response to your e-mails.

Please be advised that Mr. Plaza's correspondence dated October 5, 2016 was intended as both of the undersigneds' response and the firm's response to your inquiries.

Furthermore, in response to your email dated October 5, 2016 in particular, as you are aware, this office did not represent you.  We have no additional personal knowledge regarding the location of your checks.

We have no further response for you.

Very truly yours,

MADDIN, HAUSER, ROTH & HELLER, P.C.

Martin S. Frenkel

Mark E. Plaza

MSF/mld
1916185

MEP/mlb
ec:    Mark E. Plaza, Esq.
       Bank of America

# EXHIBIT: F

## FEDERAL U.S. DISTRICT COURT

## OF THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

KEVIN SCOTT
29343 Fieldstone
Farmington Hills, Mi 48334                    AFFIDAVIT OF KEVIN SCOTT

PLAINTIFF                                      CIVIL ACTION COMPLAINT
                                               AND JURY DEMAND

-v-

Trott Law, P.C.                    .

---

## AFFIDAVIT OF KEVIN SCOTT

STATE OF MICHIGAN

COUNTY OF WAYNE

KEVIN SCOTT, having been duly sworn says:

1.     Affiant is the Plaintiff in the above captioned action and make this
       Affidavit on his personal knowledge.

2.     Attorney Kristina E. Janssens was handed checks to be given to Bank
       of America in the amount of $2,888.98, as ordered  by the Court.

3.     Attorney David Michael  was handed checks to be given to Bank of
       America in the amount of $2,888.98, as ordered  by the Court.

1

4.     Attorney Mark Plaza was handed checks to be given to Bank of
       America in the amount of $2,888.98, as ordered  by the court.


5.     The Plaintiff  signed a (15) year mortgage contract with a "fixed
       interest rate at 4.692 percent on July 01, 2004.  The maturity date on
       the loan is May 01, 2019.

6.     Plaintiff attest all of the missing checks were given to the Attorneys

7.     Plaintiff attest this affidavit is true statements of facts.



Dated: October 18, 2016                          _____

                                                 Kevin Scott (248) 789-6869


PAUL MUELLER
Notary Public - Michigan
Wayne County
My Commission Expires Jul 25, 2019
Acting in the County of

2

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

County in which action arose: *OAKLAND*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*SCOTT, KEVIN D*

**DEFENDANTS**
*TROTT LAW, P.C.*

**(b)** County of Residence of First Listed Plaintiff *OAKLAND*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant *OAKLAND*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
*U.S.C. FDCPA 15, U.S.C. 1692g (b), 42 USC 1981*

Brief description of cause:
*illegal Foreclosure violation*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *1,000,000.00*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

1.　　　　Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.　　　　Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☒ Yes
☐ No

If yes, give the following information:

Court: _EASTERN DISTRICT of MICHIGAN_

Case No.: _12-12864_

Judge: _DAVID M. LAWSON_

Notes :

## New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

☑ Two (2) completed **Civil Cover Sheets.**

☑ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

___1___ + 2 = ___3___ **Complaints.**
# of Defendants      Total

Received by Clerk: _____ Addresses are complete: _____

Case:2:16-cv-13734
Judge: Hood, Denise Page
MJ: Grand, David R.
Filed: 10-20-2016 At 09:02 AM
CMP KEVIN SCOTT V TROTT LAW P.C., E
T AL (LG)

☐ If any of your defendants are **government agencies:**
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee | If Asking That The Filing Fee Be Waived |
|---|---|
| ☑ Current new civil action filing fee is attached. | ☐ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms. |
| Fees may be paid by check or money order made out to: | |
| Clerk, U.S. District Court | |
| Received by Clerk: _____ Receipt #: _O971 86_ | Received by Clerk: _____ |

### Select the Method of Service you will employ to notify your defendants.

| Service via Summons by Self | Service by U.S. Marshal (only available if fees waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| ☑ Two (2) completed **summonses** for each defendant including each defendant's name and address. | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint. | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk. |
| | ☐ Two (2) completed **Request for Service by U.S. Marshal form.** | Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need: |
| | | • One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant. |
| | | • Two (2) **Waiver of the Service of Summons** forms per defendant. |
| Received by Clerk: | Received by Clerk: _____ | Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

### Clerk's Office Use Only

Note any deficiencies here:

Rev. 4/13