# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KEVIN SCOTT,<br>  Plaintiff,<br>v.<br><br>TROTT LAW, P.C.<br>  Defendant, | Case No. 2:16-cv-13734<br>Hon. Denise Page Hood<br>Mag. David R. Grand |

| | |
|---|---|
| KEVIN SCOTT, in pro per<br>Plaintiff<br>29343 Fieldstone<br>Farmington Hills, MI 48334 | TROTT LAW, P.C.<br>By: Richard Welke (P44403)<br>Attorneys for Defendant Trott Law<br>31440 Northwestern Hwy., Ste. 200<br>Farmington Hills, MI 48334<br>248.723.5765 |

**TROTT LAW'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COMES Defendant, Trott Law, P.C. ("Trott" or "Defendant"), by and through its attorneys, Trott Law, P.C., by Richard Welke, and for its Response to Plaintiff's Motion to Compel, states as follows:

1. This matter involves a civil complaint, filed by Plaintiff, Kevin Scott ("Plaintiff" or "Scott"), which is based upon his erroneous belief that the FDCPA unconditionally requires verification of the debt by a collector. The FDCPA does not require this.

2. Plaintiff tendered multiple discovery requests to Trott Law ("Trott" or "Defendant").

3. A substantial number of the requests involved privileged material and were objected to on that basis.

4. Some of the requests were subject to multiple interpretations or unintelligible and were objected to on that basis as well as being vague and/or ambiguous.

5. The remaining requests that are the subject of Scott's motion were either responded to, admitted or denied but Scott does not like the response.

6. Trott stands by its assertion of privilege and the requests that were either admitted or denied. Trott cannot reasonably respond to any named request that is subject to multiple interpretations or unintelligible or is vague and/or ambiguous.

7. Accordingly, Scott's motion should be denied and Trott requests an award of costs and reasonable attorney fees.

Dated: February 3, 2017

Respectfully submitted,
TROTT LAW, P.C

/s/ Richard Welke
Richard Welke (P44403)
Attorney for Trott Law

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KEVIN SCOTT,<br>    Plaintiff,<br>v.<br><br>TROTT LAW, P.C.<br>    Defendant, | Case No. 2:16-cv-13734<br>Hon. Denise Page Hood<br>Mag. David R. Grand |

| | |
|---|---|
| KEVIN SCOTT, in pro per<br>Plaintiff<br>29343 Fieldstone<br>Farmington Hills, MI 48334 | TROTT LAW, P.C.<br>By: Richard Welke (P44403)<br>Attorneys for Defendant Trott Law<br>31440 Northwestern Hwy., Ste. 200<br>Farmington Hills, MI 48334<br>248.723.5765 |

## TROTT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

NOW COMES Defendant, TROTT LAW, P.C. ("Trott" or "Defendant"), by and through its attorneys, Trott Law, P.C., by Richard Welke, and for its Brief in Support of its Response to Plaintiff's Motion to Compel, states as follows:

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES PRESENTED ........................................................ iv

CONTROLLING AUTHORITY .......................................................................... v

COMPLIANCE ...................................................................................................... v

INTRODUCTION ................................................................................................. 1

ARGUMENT ONE – REQUESTS INVOLVING PRIVILEGED MATERIAL WERE PROPERLY OBJECTED TO ........................................................................................... 2

ARGUMENT TWO – REQUESTS THAT ARE SUBJECT TO MULTIPLE INTERPRETATIONS OR ARE UNINTELLIGIBLE WERE PROPERLY OBJECTED TO ........................................................................ 4

ARGUMENT THREE –THE REMAINING REQUESTS WERE PROPERLY RESPONDED TO ................................ 6

CONCLUSION AND RELIEF REQUESTED ................................................... 7

CERTFICATE OF SERVICE ............................................................................... 8

## INDEX OF AUTHORITIES

*Bryant v. Armstrong,*
    285 F.R.D. 596, 606 (S.D. Cal. 2012) ........................................................ 6

*Heritage Furniture, Inc. v. American Heritage, Inc.,*
    (1961, DC Conn) 28 FRD 319 .................................................................... 5

*Hickman v. Taylor,*
    329 U.S. 495, 510-511 (U.S. 1947) ............................................................ 3

*Hunt v. Blackburn,*
    128 U.S. 464, 470, 9 S. Ct. 125, 32 L.Ed. 488 (1988) ............................... 2

*In Re Cnty. Of Erie,*
    473 F.3d 413, 419 (2d Cir. 2007) ............................................................... 3

*Reed v. Baxter,*
    134 F.3d 351, 355 (6th Cir. 1998) ............................................................. 2

*Sexton v. Uniroyal Chem. Co.,*
    62 Fed. Appx. 615, 616 (6th Cir. Tenn. 2003) .......................................... 5

*Struthers Scientific & International Corp. v. General Foods Corp.,*
    (1968, SD Tex) 45 FRD 375 ....................................................................... 5

*Swackhammer v. Sprint Corp.,*
    225 F.R.D. 658, 662 (D. Kan. 2004) ...................................................... 5, 6

*Upjohn Co. v. United States,*
    449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981) ..................... 2

## STATEMENT OF ISSUES PRESENTED

1. WHETHER REQUESTS INVOLVING PRIVILEGED MATERIAL WERE PROPERLY OBJECTED TO?

   **Defendant Answers: Yes**

2. WHETHER REQUESTS THAT ARE SUBJECT TO MULTIPLE INTERPRETATIONS OR ARE UNINTELLIGIBLE WERE PROPERLY OBJECTED TO?

   **Defendant Answers: Yes**

3. WHETHER THE REMAINING REQUESTS WERE PROPERLY RESPONDED TO?

   **Defendant Answers: Yes**

## CONTROLLING AUTHORITY

Defendant will argue that Fed.R.Civ.P. governing discovery mandates an Order denying the Motion to Compel.

## COMPLIANCE WITH LR 7.1 SEEKING CONCURRENCE IN MOTIONS AND REQUEST

On February 2, 2017, pursuant to Local Civil Rule 7.1(d), the undersigned attempted to obtain concurrence from the Pro Se Plaintiff for 1) the relief requested, i.e. dismissal of the Defendant from the Complaint, 2) whether the motion would be opposed, and 3) to voluntarily stipulate to a dismissal of the Complaint with prejudice. The undersigned requested, but did not obtain, concurrence in any of the relief sought.

## INTRODUCTION

This matter involves a civil complaint filed by Plaintiff, Kevin Scott ("Plaintiff" or "Scott"), originally seeking injunctive relief to stay a mortgage foreclosure sale that has since been cancelled and collection activity ceased. The entire complaint is based upon Scott's erroneous belief that the FDCPA unconditionally requires verification of the debt by a collector. The FDCPA does not require this.

Plaintiff tendered multiple discovery requests to Trott Law ("Trott" or "Defendant"). A substantial number of the requests involved privileged material and were objected to on that basis. Some of the requests were subject to multiple interpretations or unintelligible and were objected to on that basis as well as being vague and/or ambiguous. The remaining requests that are the subject of Scott's motion were either responded to, admitted or denied but Scott does not like the response.

Trott stands by its assertion of privilege and the requests that were either admitted or denied. Trott cannot reasonably respond to any named request that is subject to multiple interpretations or unintelligible or is vague and/or ambiguous. Accordingly, Scott's motion should be denied.

1

## ARGUMENT ONE – REQUESTS INVOLVING PRIVILEGED MATERIAL WERE PROPERLY OBJECTED TO.

A substantial number of the targeted requests/responses in the instant motion involved privileged material and were objected to on that basis. Scott's motion should be denied for the following reasons and argument.

The Federal Rules of Evidence provide that evidentiary privileges "shall be governed by the principles of the common law . . . in the light of reason and experience." Fed. Rule Evid. 501. The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co.* v. *United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981) (citing 8 J. Wigmore, Evidence § 2290 (J. McNaughton rev. 1961)). Its aim is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." 449 U.S., at 389, 101 S. Ct. 677, 66 L. Ed. 2d 584; *Hunt* v. *Blackburn*, 128 U.S. 464, 470, 9 S. Ct. 125, 32 L. Ed. 488 (1888).

The attorney-client privilege applies "[w]here legal advice of any kind is sought." *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). "Fundamentally, legal advice involves the interpretation and application of legal principles to

2

guide future conduct or to assess past conduct." *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). When a communication involves both legal and non-legal matters, we "consider whether the predominant purpose of the communication is to render or solicit legal advice." *Id.* at 420. This predominant purpose "should be assessed dynamically and in light of the advice being sought or rendered, as well as the relationship between advice that can be rendered only by consulting the legal authorities and advice that can be given by a non-lawyer." *Id.* at 420-21.

The "work product" doctrine was discussed extensively in *Hickman v. Taylor*, 329 U.S. 495, 510-511 (U.S. 1947) and the case is well known to lawyers and law students alike. *Hickman* noted and held;

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways -- aptly though roughly termed by the Circuit

3

> Court of Appeals in this case as the "work product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

Scott's targeted responses, including 2, 6, 9, 10, 12, 13, 16, 18, 19, and 23, include and involve communication(s) between Trott and its former client, whose predominant purpose was to render or solicit legal advice, which were objected to on the basis of attorney client privilege. Scott's targeted responses also include both legal and non-legal matters related to the foreclosure that was cancelled, interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible items, all of which are attorney "work product".

Scott's request for material protected by the attorney client privilege should be summarily rejected. Scott has multiple options for obtaining the work product information he seeks. Clear evidence is Scott's subpoena to non-party Madden Hauser. Scott's motion to compel should be denied.

### ARGUMENT TWO – REQUESTS THAT ARE SUBJECT TO MULTIPLE INTERPRETATIONS OR ARE UNINTELLIGIBLE WERE PROPERLY OBJECTED TO.

4

Several of the requests, including 8, 10 and 11, were subject to multiple interpretations or unintelligible and were objected to on that basis as well as being vague and/or ambiguous. Scott's motion should be denied for the following reasons and argument.

Appellant has also asserted that defendants suffered no harm in having to respond to vague interrogatory responses. For the reasons considered below, this court finds no abuse of discretion in the district court's order of dismissal and, therefore, affirms the district court's sanction. *Sexton v. Uniroyal Chem. Co.*, 62 Fed. Appx. 615, 616 (6th Cir. Tenn. 2003). Although interrogatories need not be phrased with technical precision, they should give reasonably clear indication of information sought. They must be phrased with particularity. *Heritage Furniture, Inc. v American Heritage, Inc.* (1961, DC Conn) 28 FRD 319. Though technical precision in phrasing of interrogatories is not demanded, something more is required than vague phraseology. *Struthers Scientific & International Corp. v General Foods Corp.* (1968, SD Tex) 45 FRD 375.

"The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Swackhammer v. Sprint Corp.*, 225

F.R.D. 658, 662 (D. Kan. 2004); *Bryant v. Armstrong,* 285 F.R.D. 596, 606 (S.D. Cal. 2012).

Request to Admit #8 and 10 appear to treat the debt as Trott's debt and "from Bank of America" makes no sense. Request #10 appears to allege that Trott listed Plaintiff's home to be sold. A party responding to a discovery request should not be required to guess or to interpret the language or intent of the person or party making the request.

Scott's request(s) are duplicative, vague and ambiguous and his motion to compel responses should be summarily rejected. Scott should have drafted his requests more clearly has the option to rephrase his request for the information he seeks. Scott's motion to compel should be denied.

### ARGUMENT THREE – THE REMAINING REQUESTS WERE PROPERLY RESPONDED TO.

The remaining requests, including 7, 9, 14, 16, 17, 18, 20, 21, 22 and 23, that are the target of Scott's motion to compel were properly responded to, either admitted or denied, but Scott, apparently, does not like the response. He does not claim that the response is wrong or provide a legal reason for objecting to the response. Not liking the substance of a response is not a legal

6

basis, and Scott has provided none, to compel a different or what is deemed a more favorable substantive response.

Trott stands by its response to the requests that were either admitted or denied. Accordingly, Scott's motion should be denied.

## CONCLUSION AND RELIEF REQUESTED

Trott requests this Court dismiss Scott's Motion to Compel with prejudice and award costs and reasonable attorney fees.

Dated: February 3, 2017

Respectfully submitted,
TROTT LAW, P.C

/s/ Richard Welke
Richard Welke (P44403)
Attorney for Trott

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2017, I caused to be electronically filed the foregoing papers with the Clerk of the Court using the ECF system which sent electronic copies to:

Dated: February 7, 2017

Respectfully submitted,
TROTT LAW, P.C.

/s/Richard Welke
Richard Welke (P44403)
Attorneys for Defendant, Trott
31440 Northwestern Hwy,
Suite 200
Farmington Hills, MI 48334
(248) 723-5765