UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT,

        Plaintiff,

                              Civil Action No. 16-13734
                              Honorable Denise Page Hood
                              Magistrate Judge David R. Grand

        v.

TROTT LAW, P.C.,

        Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS TO COMPEL [19, 20]

In this case, *pro se* Plaintiff Kevin Scott contends that Defendant Trott Law, P.C. wrongfully instituted foreclosure proceedings with respect to his home. He brings claims under the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, and also alleges causes of action for (among others) fraud/misrepresentation and intentional infliction of emotional distress. (Doc. #1). Although discovery does not close in this case until March 13, 2017, Trott filed a motion for summary judgment on January 26, 2017. (Doc. #18).

The very next day, Scott filed a motion to compel Trott to produce discovery. (Doc. #19). A few days later, Trott also filed a motion to compel Scott to produce discovery. (Doc. #20). Both of those motions were referred to the undersigned for determination. (Doc. #21). Shortly after Trott filed its motion to compel, the Court held a telephonic conference with Scott and counsel for Trott in an attempt to informally resolve both discovery motions. Although Scott agreed to produce certain information, the motions were not fully resolved as a result of the call. Trott filed a response brief to Scott's motion on February 7, 2017. (Doc. #22).

Scott apparently was not properly served with a copy of Trott's summary judgment

motion, and on February 10, 2017, Scott filed an "emergency" motion regarding that matter. (Doc. #24). On February 14, 2017, Chief Judge Denise Page Hood ruled on Scott's "emergency" motion, giving him until March 6, 2017, to respond to Trott's summary judgment motion. (Doc. #27).

In light of this briefing schedule, late in the afternoon of February 14, 2017, this Court convened an on-the-record telephonic hearing with Scott and Trott's counsel regarding their motions to compel. For the reasons stated on the record and below, **IT IS ORDERED** that Trott's and Scott's respective motions to compel **(Docs. #19, #20)** are **GRANTED IN PART AND DENIED IN PART**. In particular, the Court notes:

- As to Trott's motion to compel (Doc. #20): Trott agreed to limit its requests to information from the relevant period (commencing in 2012) forward, and Scott agreed to provide copies of the requested documents to Trott's counsel within 14 days (indeed, he claims he had recently provided some, if not all, of those materials). Accordingly, **IT IS ORDERED** that Scott shall provide Trott with any documents or other information he has not already provided. This shall include copies of the back side of any mortgage payment checks that were negotiated. To the extent Trott requests sanctions for Scott's failure to have previously produced any such materials, that request is **DENIED**. Scott had previously provided at least some of the requested materials, and Trott agreed to narrow the time period applicable to its requests.

- As to Scott's motion to compel (Doc. #19): Trott seems to admit that its client, Bank of America, engaged it to institute foreclosure proceedings against Scott's home. (Doc. #19 at 20, Response to Request for Admission No. 9). Scott has requested documents and other information related to this engagement. For instance, in Request for Admission No. 9, Scott asks, "Admit Trott [] was never hired by Bank of America [to foreclose on Scott's home] . . . if denied, provide the contract signed by the parties, and provide the phone number and name of the person(s), work location, that hired Trott [] to foreclosure [sic] on Plaintiff [sic] home." (*Id.*). While Trott denied the allegation – thus admitting Bank of America had hired it to foreclose on Scott's home – it objected to producing the requested documents and information on the ground of privilege. (*Id.*). Scott challenged this objection in his motion to compel, and Trott's only response was that "communication(s) between Trott and [Bank of America], whose predominant purpose was to render or solicit legal advice," are protected by the attorney-client privilege and "work product" doctrine. (Doc. #22 at 11). This argument lacks merit. First and foremost, to the extent Bank of America hired Trott to foreclose on Scott's home, its provision to Trott of information needed to institute that proceeding is purely factual and does not implicate the attorney-client privilege. *Salser v. Dyncorp Int'l, Inc.*, No. 12-

2

10960, 2016 WL 1042536, at *2 (E.D. Mich. Mar. 16, 2016) ("[F]actual information conveyed to an attorney by a client is not shielded from discovery by the attorney-client privilege.") (citation omitted). Indeed, Trott did not cite a single case holding that such information is privileged. Second, Trott proffers no evidence to support its contention that the "predominant purpose" of its correspondence with Bank of America concerned legal advice. This is clearly inadequate as the "burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 188 F.3d 663, 667 (6th Cir. 1999). And it would seem that the predominant purpose here, at least as alleged by Scott, was simply to engage Trott to institute the foreclosure. Finally, the Court finds that the requested information – which bears directly on the information Trott possessed when it instituted foreclosure proceedings – is relevant to (at a minimum) Scott's claims for fraud/misrepresentation and intentional infliction of emotional distress. Accordingly, **IT IS ORDERED** that Trott shall answer Requests Nos. 6 and 9.[1]  **IT IS FURTHER ORDERED** that Trott shall also provide complete answers to Request Nos. 7, 10, 11, 12, 13 and 19 as discussed on the record. Scott's motion is **DENIED** in all other respects.

Both sides shall have until **February 28, 2017**, to produce the documents and information specified above.

**IT IS SO ORDERED.**

Dated: February 15, 2017　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 15, 2017.

　　　　　　　　　　　　　　　　　　　　s/Eddrey O. Butts
　　　　　　　　　　　　　　　　　　　　EDDREY O. BUTTS
　　　　　　　　　　　　　　　　　　　　Case Manager

---

[1] To the extent any actual legal advice was requested or provided, Trott may redact such information, but shall provide Scott with an appropriate privilege log.

4