4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

KEVIN SCOTT                                             Case No. 16-13734

    Plaintiff                                              Honorable Denise Page Hood

v.                                                      Magistrate David R. Grand

TROTT LAW, P.C.,

    Defendant(s)

**MOTION TO EXTEND DISCOVERY**

FILED 2017 MAR 13 P 1: 44

U.S. DIST. COURT
EAST. DIST. MICHIGAN
DETROIT

Plaintiff sought concurrence before submitting this motion, however none was given. Pursuant to the Scheduling Order entered on December 13, 2016, and Fed. R. 29, Plaintiff respectfully moves the Court to extend the time permitted for discovery under the Scheduling /order by at least 2 months. Plaintiff doesn't anticipate having to modify the dates set forth in the Scheduling Order accordingly, just a few months is all that should be needed. Plaintiff makes this request because the other parties already have the same information/evidence on hand, and now we learned all parties has been communicating with each other throughout this case, exchanging information. Trott after being given an Order by the Court to answer discovery, discloses vital information that put other parties directly involvement in this case. Plaintiff will seek the Court permission for joiner of other parties.

## BASIS FOR EXTENSION

The Scheduling Order current required that discovery be concluded by March 13, 2017, new evidence have now been discovery with the submitted documents from Trott per the Order of the Court. Fraudulent illegal actions and statements have been made in this case, that should be looked into in the pursuit of justice.

1) Trott has indicated at one point they never verify the debt, but in the submitted answers dated March 02,2017 the debt was verify.

2) Trott has indicated there was no complainant, but now there was a complainant on the referral paper sent in 2016.

3) Why did Trott fraudulently say to the Court it needed to verify the debt, while all along the referral listed the illegal debt.

4) Why did Bank of America and lawyers say they had nothing to do with the foreclosure in their sworn Subpoena, but now we learned Bank of America started the foreclosure.

5) Trott has tried to mix two separate cases together when there is only the 2016 referral that verify the illegal debt.

6) Trott provided the referral showing Bank of America did hire them to initiate a foreclosure against Plaintiff, however Bank of America and all Attorneys were under oath and swears they had nothing to do with the current foreclosure.

7) More witness that was withheld from Plaintiff have now be identified.

8) Trott seek a protected order, that the Court need to give it's approval.

## CONCLUSION

Plaintiff is requesting more time with the new evidence just coming out. For the stated above reasons, Plaintiff respectfully moves the Court to extend the time permitted for discovery under the Scheduling Order by at least two months, so that documents can be requested, and persons can be contacted and possible deposed.

Date: March 13, 2017

Respectfully Submitted

Kscott@mi.rr.com
(248) 789-6869

## CERTIFICATE OF SERVICE

I herby certify that a copy of this complaint was served to Richard Welke at 31440 Northwestern Hwy., Suite 200 Farmington Hills, Michigan 48334. I also certify a copy was filed with the District Court.

Date: March 13, 2017

Respectfully Submitted

KScott@mi.rr.com
(248) 789-6869