26

POOR QUALITY ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

KEVIN SCOTT

Plaintiff

v.

TROTT LAW, P.C.,

Defendant(s)

Case No. 16-13734

Honorable Denise Page Hood

Magistrate David R. Grand

# MOTION FOR PERMISSION FOR JOINER OF PARTIES

FILED
2017 MAR 27 P 12:33
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

## STATEMENT OF ISSUES PRESENTED

1. Should the Court Allow Joiner of Entities Into This Lawsuit.

| | |
|---|---|
| Plaintiff Answers | Yes |
| Trott May Answer | No |
| Entities May Answer | No |

**THE MOST CONTROLLING AUTHORITY**

Plaintiff relies on Federal rule 19.

## TABLE OF AUTHORITY

Admr. v. Christianson, 26 F.Supp. 419 (D.Conn. 1939)....................6

Barron & Holtzoff, Federal Practice & Procedure, §533.1, 3....................5

Moore's Fed. P., par.18.04 [3] (2d.1963)....................6

Braun v. American Laundry Mach. Co., 56 F.(2d) 197 (S.D.Y. 1932))....................5

Desert Empire Bank v. Insur. Co. of N. Am., 623 F.2d.1375 (9th Cir.1980....................5

Saes Getters S.P.A. v. Aeronex, Inc, 219 F.Supp.2d 1081, 1085 (S.D. Cal.2002........5

Forman v. Davis, 371 U.S. 178, 182 (1962)....................5

Fed. R. 19....................5

Rule 13(h)....................5

Fed. R. 20(a)....................5,6

Fed. R. 15 (a)(2)....................5

Fed. R. 26....................5

Fed. R. 42(b)....................5,6

## TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED....................2

THE MOST CONTROLLING AUTHORITY....................3

TABLE OF AUTHORITY....................4

INTRODUCTION....................6

ARGUMENT....................5

CONCLUSION....................12

CERTIFICATE OF SERVICE....................13

## INTRODUCTION

**THE EFFICIENT ADMINSTRATION OF JUSTICE REQUIRES THAT PLAINTIFF BE GIVEN LEAVE TO FILE FOR JOINER OF ADDITIONAL DEFENDANTS.**

"Rule 13(h) permits joinder of persons not parties to the original action as parties to a counterclaim so long as the provisions of Rules 19 (compulsory joinder) or 20 (permissive joinder) are followed." Saes Getters S.P.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002). Under Federal Rule of Civil Procedure 20(a), joinder of a party is permissible if (1) a right to relief is asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties arises in the action. Desert Empire Bank v. Insur. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).

## ARGUMENTS

Federal Rules Of Civil Procedure 15 (a)(2) applies to this Motion and provides that " a party may Amend its pleading only with the opposing party's consent or the Court leave." The Court should freely give leave when justice so requires. Trial Courts have been instructed that this mandate is to be heeded. Forman v. Davis, 371 U.S. 178, 182 (1962).

The provision for Joinder of actions has been patterned upon Rule 26 and broadened to include multiple parties. Plaintiff is asking for the Court for Joinder of claims or for separate trials of joined claims in Rule 42(b). This rule is insurted to make it clear that in a single action a partiff should be accorded all the relief to which Plaintiff is entitled regardless of whether it is legal or equitable or both. This necessarily includes a deficiency judgment in foreclosure actions formerly provide for in Equity Rule 10, in respect to fraudulent conveyances the rule change the former rule requiring a prior judgment against the owner Braun v. American Laundry Mach. Co., 56 F. ()2d) 197 (S.D.N.Y. 1932)).

The Rules proceed upon the theory that no inconvenience can result from the Joiner of any two or more matters in the pleading, but only from trying two or more matters together which have little or nothing in common.  Accordingly Rule 18 (a) has permitted a party to plead multiple claims of all types against an opposing party, subject to the Court's power to direct an appropriate procedure for trying the claims.  See Rules 42(b), 20(b),21.

In Federal Housing Admr. v. Christianson, 26 F. Supp. 419 (D. Conn. 1939). the indorse of two notes sued the three co-makers of one note, and sought to join in the action a count on a second note which had been made by two of the three defendants.

There was no doubt about the propriety of the joiner of the three defendants which arose out of a single "transaction" (the first note) and a question of facts or law "common" to all three defendants would arise in the action.  See the text of Rule 20(a).  The court, however, refused to allow the joiner of the count on the second note, on the ground that this right to relief, assumed to arise from a distinct transaction, did not involved a question common to all the defendants but only two of them.  For analysis see 2 Barron & Holtzoff, Federal Practice & Procedure, §533.1 (Wright ed. 1961); 3 Moore's Federal Practice, par. 18.04 [3] (2ded. 1963).

In this case before the Court the questions are relate to all defendants who plotted with one another against Plaintiff in regards to the mortgage payments, Plaintiff was ordered to give to Bank of America Attorneys all mortgage checks by the Court. Trott after telling the Court they never verify the debt on the record, devised a scheme with Bank of America and the Lawyers from Maddin, Hauser, Roth & Heller, P.C. & Bryan Cave, L.L.P. Their plan was to keep everyone out of this action while supplying Trott any/all information, along with Trott desperately trying to tie this case to another case that was dismissed after Plaintiff paid Bank of America a combine total of $ 19,009.00 that paid for the 2010, 2011, and 2012 property taxes, and an additional $20,104.29 that was extorted from Plaintiff, now Trott

is trying to convince the Court that they stopped collection efforts after receiving Plaintiff certified letter disputing owing any debt. Plaintiff has disproved those false statements , Trott throughout this case from the beginning was disingenuous to the Court on the record by advising that Trott didn't verify the debt, and later Trott advised Plaintiff/ two Court employees while at the scheduling hearing that there wasn't a complainant to their defense. Meanwhile Plaintiff served Subpoenas to the Lawyers at Bryan Cave, L.L.P. & Maddin, Hauser, Roth & Heller, P.C., asking them if Bank of America started another foreclosure against Plaintiff, or did any of the Lawyers, or colleagues have anything to do with Trott foreclosure on my home. With the answers received from the Lawyers denying any involvement , Plaintiff was left with only one conclusion, that being Trott themselves started a fake, illegal, fraudulent foreclosure against Plaintiff. Plaintiff was only left with answering all questions or writing all briefs with the information at hand, until discovery started. While in discovery Trott talked about the 2012 case that was closed, yet Trott refused to produce the referral that gave them their authority to foreclosure. Only until the District Court Ordered Trott three times to produce the documents and answer discovery. In a conspiracy as Trott was with the other entities, the chain is only as strong as the weakest link, and in this case Trott "Blink" being the weakest link and reveal in their submitted documents some troubling facts about the other three entities acting as one against Plaintiff. See Ex. A, **DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S DISCOVERY REQUEST**. Through discovery after being Ordered three time by the Court. Trott throughout this case from the beginning statement were troubling, then in their brief it became clear the joiner of the other three entities. Under interrogatories # 6 "Trott states that it had constant contact with third parties regarding issues involved in this foreclosure action in violation of the FDCPA even as they swore they had nothing to do with Trott foreclosure against Plaintiff.

Mark Plaza, Maddin Hauser
**10/21/16** Correspondence to Plaza re: Copy of Scott Complaint.

**10/21/16** Teleconference with Plaza regarding the 10/5/16 and 10/6/16 letters from Maddin Hauser to Scott. Plaza indicated that the two letters that were attached to the Scott Complaint, dated 10/5/16 and 10/6/16 from Maddin Hauser to Scott, were true and accurate.

**10/31/16** Correspondence to Plaza re: Copy of Motion for TRO.

**11/01/16** Correspondence to Plaza re: Notice of TRO Hearing.

**01/11/17** Correspondence from Maddin Hauser re: 31 page Response to Scott Subpoena re: Checks.

**01/26/17** Correspondence from Plaza and Attorney Frenkel (Maddin Hauser) re: Received second Scott Subpoena.

**Maria Vathis, Bryan Cave**
**01/19/17** Multiple Correspondence to Trott Attorney McDermott re: multiple correspondence received from Scott about mortgage payments and Vathis stating that she does not represent Bank of America regarding the Scott litigation. (emails previously provided as Exhibit F to Trott's Motion to Compel.

**James Richards, Bank of America**
See Priviledge/Protection Log.

**Timothy Fahan, Bank of America**
See Privilege/Protection Log.

**UNDER #9 REQUEST FOR ADMISSIONS**

Trott admitted that Bank of America referred the Scott mortgage to Trott on September 9, 2016 for commencement of foreclosure proceeding. Trott lied and said there was no complainant.

**UNDER #10**

Trott admitted that after talking to all of these people illegally they never verified the $180, 131.05 in writing from Bank of America in response to Plaintiff October 8, 2016 certified letter before the injunction hearing dated November 7, 2016. Trott admitted that it reviewed debt figures before submission of the September 20, 2016 Fair Debt Letter.

**UNDER #11**

Trott states that it reviewed debt figures before submission of the September 20, 2016 Fair Debt Letter. Trott admitted to forwarded the notice of Foreclosure sale to third party Oakland County Legal News on October 5, 2016 with a schedule of 4 successive publications as required by MCL 600.3208, with the first publication being set for October 7, 2016. The Notice of Foreclosure was published by thr publisher, Oakland County Legal News, on Oct 7, 2016, Oct, 14, 2016, Oct, 21, 2016, and Oct, 28, 2016.

The other three publications should have been stopped by Trott but weren't because Trott never stopped collection efforts, which is a violation of the FDCPA.

**UNDER #12**

Trott admitted never verifying the debt given by Bank of America in the amount of $115,946.31 because they never talked about it.

**UNDER # 13**

Trott admitted providing a copy of Plaintiff to a non third party in violation of the FDCPA. Trott admitted to talking to many third parties.

**ACTIONABLE CONDUCT OF BANK OF AMERICA**

Bank of America, came up with a plan with Trott to foreclosure on Plaintiff home or obtain an illegal $179,656.00. In Case No. 16-13734 Trott knows the requirements of a debt collector, doing this work for entities for over 10 years, but in this case Trott disregarded require statutes, and procedures, which didn't make sense, but after Trott was forced to provide discovery material after being Ordered three time by this Court, Trott reveal everything between the other parties in their conspiracy. Bank of America knew they couldn't start another foreclosure talking and using the same payments from the previous lawsuit Case: 15-2188, because they advised both the District and the Six District Court that they "Counted All Of Plaintiff Money" and no money was owed to Plaintiff and his lawsuit should be dismissed, in other words if Plaintiff still owed money then the first lawsuit shouldn't has been dismissed. The Court believed the Lawyers and Bank of America to dismiss Plaintiff lawsuit. When Plaintiff filed the lawsuit against Trott wasn't expected, also when Plaintiff filed chapter 13 stopping Trott illegal foreclosure Trott knew they were in trouble, because Trott already told the Court they didn't verify the debt and had to do something quickly. Trott got together with the other parties and they decided that Bank of America would stay quiet if Plaintiff asks any question of them; however The Attorneys and Bank of America was disingenuous in their sworn Subpoenas which can't be tolerate.

From the beginning in front of the Court Trott advised they didn't verify the debt, because the referral Payoff Notice, **See Ex. B**, didn't have the figures attached (false)., Trott advised Plaintiff/Court employees there wasn't a Complainant (false), Trott advised the Court they stopped all collection efforts

after receiving Plaintiff certified letter disputing any money owed to Bank of America (false), Trott indicated this case is the same from Case: 15-2188 (false), Trott wrote they were a debt collector collecting a debt owed to Bank of America in the amount of $180, 618.75. (False).

From the beginning Trott hid from Plaintiff/Court the following, 1) they were in constant contact with Bank of America with the case, 2) Trott was given information from Bank of America about the last case that was dismissed, 3) Bank of America said they had nothing to do with Trott and the foreclosure against Plaintiff. 4) Trott spoke with Bank of America at least 4 or more times, but never verify the debt.

**ACTIONABLE CONDUCT OF THE LAWYERS AT BRYAN CAVE, L.L.P.**

Plaintiff sent the following attorneys several Subpoenas that has now been submitted to the Court, Attorney Marie Vathis, Attorney Jena M. Valdetero, Attorney Steven R. Smith, Plaintiff sent each Attorney a separate Subpoena, however Attorney Marie Vathis answered for all stating they Bank of America had nothing to do with Trott in their foreclosure against Plaintiff. We now know Trott advised the Court they have been in constant contact with the Lawyers; therefore the Lawyers in their conspiracy with Trott to hide in the background as if they didn't know anything what Trott was doing were disingenuous in their Subpoenas to the Court, and should be held accountable for their conduct for initiating a false illegal, fraudulent foreclosure against Plaintiff, the evidence proves Plaintiff paid payments to Marie Vathis, who acknowledge she would forward the payments to their client Bank of America. Why now is Marie Vathis isn't giving Plaintiff checks to her client, and refuse to response to Plaintiff e-mails is troubling. Ms Vathis is national Counsel for Bank of America in Chicago, il

**ACTIONABLE CONDUCT OF THE LAWYERS AT MADDIN, HAUSER, ROTH & HELLER, P.C.**

In Case No. 2:12-cv-12864, the Court Ordered Plaintiff to give all mortgage checks to Bank of America Lawyers, the Lawyers were Ordered to give the checks to their Client Bank of America, **See Ex. B**

Plaintiff complied to the Court Order and hand delivery all checks to the Lawyers and received a signed receipt from everyone. Plaintiff asked the Lawyers through letters to contact Trott and confirm with them that all mortgage payments were paid and given to them.

Attorney Mark Plaza advised for all Lawyers they had nothing to do with Trott and the current foreclosure against me, and they wouldn't contact anyone on Plaintiff behalf. We now learned from Trott that the Attorneys were in constant contact with each other about the case now before the Court. Attorney Martin s. Frenkel sent a letter dated January 12, that proves on its face these Lawyers just held Plaintiff checks on their desk, falsely and fraudulently.

Starting in 2013 the first "TEN" checks were never given to Bank of America, but instead all were sent back to Plaintiff. **This allowed the Lawyers to write false briefs to the District Court advising Plaintiff haven't given their client a mortgage payment since 2013.** The Attorney said Bank of America told them to sent by another 19 checks Plaintiff gave to the Lawyers, which again violated the Court Order. We now learned from Trott that again all Lawyers were in constant contact with each other, with the Lawyers from Maddin, Hauser, Roth & Heller, P.C. trying to hid in the background but supplying all information to Trott in the current case before the Court trying not to become involved in this illegal action.

## CONCLUSION

As the Court can see there was a conspiracy with all of the other parties trying to hid in the background providing any kind of information to Trott, so Plaintiffs would lose his home to a fraudulent foreclosure. Plaintiff asks for Joiner/ or to run each party separate/ but together. The subject matter involves the same checks, the same theory, all of the parties have all of the same evidence to present their case before a jury. Because all of the parties are trying to link this current lawsuit to a closed case, Plaintiff is asking the Court to be allowed to re-litigate the 2012 case that was dismissed fraudulently by

the Lawyers and Bank of America, or Plaintiff asks permission for Joiner/ or if the Court deems to run each party separate/ but together in this case.

Date: March 27, 2017

Respectfully Submitted

kscott@mi.rr.com
(248) 789-6869

**CERTIFICATE OF SERVICE**

I herby certify that a copy of this complaint was served to Richard Welke, Trott Law, P.C. at 31440 Northwestern Hwy., Suite 200 Farmington Hills, Michigan 48334. I also certify a copy was filed with the District Court.

Date: March 27, 2017

Respectfully Submitted

KScott@mi.rr.com
(248) 789-6869

# EXHIBIT: A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT,
Plaintiff,

Case No. [illegible]
Hon. Denise Page Hood
Magistrate Judge David R. Grand

[illegible] LAW, P.C.
Defendant.

---

DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS

Defendant [illegible] Law, P.C. ("Defendant" or "[illegible]"), [illegible] supplements its [illegible] to Plaintiff [illegible] interrogatories and document [illegible] requests.

## GENERAL OBJECTIONS

[illegible] objects to Plaintiff's Discovery Requests to the extent they seek [illegible] information that is [illegible] by the attorney-client privilege, the work product [illegible] other applicable privileges, immunities or doctrines.

[illegible] objects to Plaintiff's Discovery Requests to the extent they [illegible] language that is vague and/or [illegible] or [illegible] vague [illegible] ambiguous or are drafted [illegible] way that they do not convey with reasonable clarity what information is being sought from [illegible].

[illegible]

[illegible] Request [illegible] to the extent they seek information that [illegible] calculated to lead to [illegible] of admissible [illegible]

[illegible] Request to the extent they [illegible] impose obligations upon [illegible] obligation under the [illegible]

[illegible] Request [illegible] extent they [illegible] necessary [illegible]

[illegible] Request [illegible] they seek [illegible] Plaintiff [illegible] agents.

[illegible] to the extent they [illegible]

[illegible] Trott objects to Plaintiff's Discovery Requests [illegible] to the extent [illegible] responding to the Plaintiff's Discovery Requests based upon [illegible] own understanding of the terms used, and reserves the [illegible] clarify and supplement if necessary.

[illegible] to the extent that the [illegible] responding to the Plaintiff [illegible] Requests and [illegible] information understanding documents [illegible]

These [illegible]

## RESERVATION OF RIGHTS

[illegible] reserve [illegible] Discovery [illegible] those expressed [illegible] Rules [illegible] Procedure [illegible]

## INTERROGATORIES

[illegible] and any [illegible] and provide the [illegible] statement or discussion [illegible]

**RESPONSE:** Trott objects to this request subject to the **GENERAL OBJECTIONS** stated above, including but not limited to, the attorney client, work product and any other applicable privilege. Without waiving the objection or any privilege, and pursuant to this Court's order, Trott states

that it had contact with the following individuals regarding the issues involved in this foreclosure action:

Mark Plaza, Maddin Hauser
10/21/16 Correspondence to Plaza re: Copy of Scott Complaint.

10/21/16 Teleconference with Plaza regarding the 10/5/16 and 10/6/16 letters from Maddin Hauser to Scott. Plaza indicated that the two letters that were attached to the Scott Complaint, dated 10/5/16 and 10/6/16 from Maddin Hauser to Scott, were true and accurate.

10/31/16 Correspondence to Plaza re: Copy of Motion for TRO.

11/01/16 Correspondence to Plaza re: Notice of TRO Hearing.

01/11/17 Correspondence from Maddin Hauser re: 31page Response to Scott Subpoena re: Checks

01/26/17 Correspondence from Plaza and Attorney Frenkel (Maddin Hauser) re: Received second Scott Subpoena.

Maria Vathis, Bryan Cave
01/19/17 Multiple Correspondence to Trott Attorney McDermott re: multiple correspondence received from Scott about mortgage payments and Vathis stating that she does not represent Bank of America regarding the Scott litigation. (emails previously provided as Exhibit F to Trott's Motion to Compel.

James Richards, Bank of America
See Privilege Protection Log.

Timothy Fahan, Bank of America
See Privilege Protection Log.

To the extent the above discussions or other discussions not identified involve privileged communication(s), Trott refers Plaintiff to the attached

privilege log. (Document attached as Exhibit A)

[illegible] the insurance policies that would be responsible to pay any [illegible] be responsible to pay any [illegible] this Court [illegible] [illegible] the total amount [illegible]

**RESPONSE:** Trott is self-insured for any settlement in this case. By way of further answer, without waiving any applicable objections to the information provided and in compliance with this Court's order, Trott refers to the attached Summary of Insurance. (Document attached as Exhibit B).

**REQUEST FOR ADMISSIONS**

Admit Trott [illegible] [illegible] location, that [illegible] Plaintiff's home.

**RESPONSE:** Trott denies the request as untrue. To the extent the request seeks production of privileged information or documents, Trott objects for the reasons set forth in the General Objections. Without waiving any objection or any privilege, and pursuant to this Court's order, Trott states that Bank of America referred the Scott mortgage to Trott on September 9, 2016 for commencement of foreclosure proceedings. See attached September 9, 2016 electronic FC Referral. (Document attached as Exhibit C).

Admit Trott Law, P.C. [illegible] the [illegible] in writing from Bank of America, before the injunction hearing dated November 7, 2016 it

RESPONSE: Trott objects to the language "never verify the $180,131.05 in writing from Bank of America" in the request on the basis that it is confusing, vague and/or ambiguous and that the request drafted in such a way that the request does not convey with reasonable clarity what information is being sought from Trott. Accordingly, Trott can neither admit nor deny the request as stated. By way of further answer, pursuant to this Court's order, Trott admits that it never verified the $180,131.05 in writing from Bank of America in response to Scott's October 8, 2016 dispute letter before the injunction hearing dated November 7, 2016. Trott states that it reviewed debt figures before submission of the September 20, 2016 Fair Debt Letter. Trott further states that, consistent with 15 USC 1692g(b), Trott "cease[d] collection of the debt" upon receipt of Scott's October 8, 2016 dispute letter and the foreclosure was subsequently cancelled.

RESPONSE: Trott objects to the language "never verify any debt before listing Plaintiff home" in the request on the basis that it is confusing, vague and/or ambiguous and that the request drafted in such a way that the request does not convey with reasonable clarity what information is being sought from Trott. Accordingly, Trott can neither admit nor deny the request. By way of further answer, pursuant to this Court's order, Trott states that it reviewed debt figures before submission of the September 20, 2016 Fair Debt Letter. Further, Trott forwarded the Notice of Foreclosure sale to third party Oakland County Legal News on October 5, 2016 (before receiving Scott's October 8, 2016 letter) with a schedule of 4 successive publications as required by MCL 600.3208, with the first publication being set for October 7, 2016. The Notice of Foreclosure was published by the publisher, Oakland County Legal News, on October 7, 2016, October 14, 2016, October 21, 2016 and October 28, 2016.

[illegible] Bank of [illegible] verify provide the [illegible] confirmed the debt.

**RESPONSE:** Trott can neither admit nor deny the request because the request itself states that the correspondence was sent by Bank of America to the Plaintiff. By way of further answer, pursuant to this Court's order, Trott admits that it never verified the amount of $115,946.31 as it never sent a correspondence to Scott with an amount of $115,946.31and had no obligation to review, verify or do otherwise with regard to correspondence forwarded to Plaintiff by parties other than Trott.

[illegible] with the listed attorneys in [illegible] complaint [illegible] paid [illegible] payments to Bank of America. [illegible] did talk with the [illegible] provide [illegible] dates and any written [illegible] state the conversation [illegible] regards to [illegible] including the names of the attorneys making the statement(s).

**RESPONSE:** Trott objects to the request as improper to the extent and because it seeks information that is protected by the attorney-client privilege, the work product doctrine, or to other applicable privileges, immunities, or doctrines. Without waiving said objections and privileges, and pursuant to this Court's order, Trott states that it does not know what letter Scott is referring to in this request and assumes that "the listed attorneys" are those included in the Complaint and as exhibits to Scott's complaint, being Mark Plaza, Martin Frenkel, Marie Vathis, David Michael and Kristina Janssens. With this assumption, Trott states in response that it communicated with attorneys Plaza and Frankel of the law firm of Maddin Hauser on the dates set forth in the response to Interrogatory #6. Trott communicated with Marie Vathis as indicated in the response to Interrogatory #6. Trott did not communicate with David Michael or Kristina Janssens.

Without waiving any objections and privileges asserted and in compliance with this Court's Order, the general substance of the communications with Madden Hauser were: 1) to provide the law firm with a copy of the Scott

complaint: 2) to receive notice of Scott subpoenas served on **Maddin Hauser** by Scott; 3) to receive a copies of a Maddin Hauser's response to Scott subpoenas; and, 4) to confirm that the Maddin Hauser correspondence sent to Scott that was attached to the Scott complaint was complete, true and accurate. The documents discussed herein were sent by and/or received by Scott and are in Scott's possession or are public record. Attorney Plaza confirmed that the Madden Hauser correspondence sent to Scott that was attached to the Scott complaint was complete, true and accurate. The general substance of the communications with Marie Vathis are as indicated in Interrogatory #6.

16.

When the listed attorneys [illegible] letter [illegible] Trott Law, P.C. [illegible] Plaintiff [illegible] payments in the amount of $2,888.98 to the Bank of America [illegible] by the Court [illegible] checks [illegible]

RESPONSE: Trott objects to the request as improper to the extent and because it seeks information that is protected by the attorney-client privilege, the work product doctrine, or to other applicable privileges, immunities, or doctrines. Without waiving said objections and privileges, and pursuant to this Court's order, Trott states that it does not know what letter Scott is referring to in this request and assumes that "the listed attorneys" are those included in the Scott Complaint and as exhibits to Scott's Complaint, being Mark Plaza, Martin Frenkel, Marie Vathis, David Michael and Kristina Janssens. With this assumption, Trott states in response that it communicated with attorney Plaza and Frankel of the law firm of Maddin Hauser on the dates set forth in the response to Interrogatory #6. Trott communicated with Marie Vathis as indicated in the response to Interrogatory #6. Trott did not communicate with David Michael or Kristina Janssens.

Without waiving any objections and privileges asserted and in compliance with this Court's Order, the general substance of the communications with Maddin Hauser were: 1) to provide the law firm with a copy of the Scott complaint; 2) to receive notice of Scott subpoenas served on **Maddin Hauser** by Scott; 3) to receive a copies of a Maddin Hauser's response to Scott subpoenas;

and, 4) to confirm that the Maddin Hauser correspondence sent to Scott that was attached to the Scott complaint was complete, true and accurate. The documents discussed herein were sent by and or received by Scott and are in Scott's possession or are public record. Attorney Plaza confirmed that the Madden Hauser correspondence sent to Scott that was attached to the Scott complaint was complete, true and accurate. The general substance of the communicates with Marie Vathis are as indicated in Interrogatory #6.

This portion of page deliberately left blank

# EXHIBIT: B

# Bank of America

[illegible]

[illegible] Northwestern Highway [illegible]
Farmington Hills, MI

RE: Enclosed is a Bank of America [illegible]

Please initiate foreclosure proceedings [illegible] in the name of
BANK OF AMERICA, N.A.

| Data Elements | Foreclosure Referral Detail | Data Elements | Foreclosure Referral Detail |
|---|---|---|---|
| [illegible] Title Order [illegible] | [illegible] title order is required [illegible] Management will prompt the [illegible] with a step | Property Type | Condominium |
| [illegible] Number | [illegible] | | |
| Mortgagor Name | [illegible] | [illegible] Status [illegible] | [illegible] |
| Mortgagor Name | [illegible] S[illegible] | [illegible] Payment Due | [illegible] |
| [illegible] Address | [redacted] | [illegible] | |
| Property City State | [redacted] | [illegible] | |
| [illegible] | [redacted] | | |
| [illegible] | | [illegible] | [illegible] |
| [illegible] Address Line 2 | | [illegible] | [illegible] |
| [illegible] City State | | [illegible] | [illegible] |
| [illegible] Zip Code | | [illegible] | [illegible] |
| [illegible] Work Phone | | [illegible] | |
| [illegible] Type Description | CONV-15YR | [illegible] | [illegible] |
| Investor Name | BANA REST [illegible] | [illegible] | [illegible] |
| | | [illegible] | [illegible] |

Bank of America

[illegible]
[illegible] Date [illegible]
[illegible] Date [illegible]
[illegible] Charge Amount [illegible]
[illegible] Identification [illegible]

[illegible] Balance [illegible]

[illegible] 9589 4 [illegible]

[illegible] Bank of America [illegible] prepare an assignment [illegible]

[illegible] additional information [illegible] please [illegible] files that are able [illegible] proceed [illegible] status [illegible] attachments [illegible] these matters [illegible] Management [illegible]