UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT,

        Plaintiff,        CASE NO. 16-13734
                                 HON. DENISE PAGE HOOD
v.

TROTT LAW, P.C.,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#56]

**I. BACKGROUND**

This matter is now before the Court on Plaintiff Kevin Scott's ("Scott") *pro se* Motion for Reconsideration filed on July 6, 2017. (Doc # 56) On June 22, 2017, the Court entered an Order granting Defendant's Motion for Summary Judgment/Dismissal (Doc # 18) and mooting various motions. (Doc # 54) For the reasons set forth below, the Court denies Scott's Motion for Reconsideration.

**II. ANALYSIS**

**A. Standard of Review**

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument

thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). Scott's Motion is timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

**B. Palpable Defect**

Scott argues that the Court made a palpable error by concluding that Defendant Trott Law, P.C. ("Trott") did not violate the Fair Debt Collection Practices Act ("FDCPA") because Trott fraudulently claimed to act on behalf of Bank of America, N.A. ("BANA") to initiate foreclosure proceedings on Scott's

2

property. (Doc # 56, Pg ID 7-8) Scott provides three reasons why he believes the Court erred.

First, Scott argues that the court ignored evidence which indicates that BANA never sent Trott a referral to foreclose on Scott's home. This argument is contrary to Plaintiff's own document submitted before the court on February 10, 2017, which states, "Plaintiff learned for the first time that Bank of America *did* send Defendant a Referral message to foreclosure[sic] on Plaintiff[sic] home . . . ." (Doc # 24) (emphasis added) Scott has not submitted any evidence that is inconsistent with his own statement or the findings of the Court.

Second, Scott argues that Trott's refusal to provide Scott with requested discovery documents is evidence that Trott was never retained by BANA. While Trott did refuse to provide certain discovery material, asserting several privileges, Trott indicated an intention to call both current and former employees and representatives of BANA on its proposed witness list. (Doc # 25) Scott has not provided additional evidence to support his conclusory statement.

Third, Scott adds that BANA provided a sworn affidavit declaring that BANA does not have an interest in this case. (Doc # 56, Pg ID 11) That evidence, however, does not address whether Trott was retained by BANA to handle debt collection efforts related to Scott's mortgage with BANA.

Scott also attempts to have the Court reevaluate whether Trott stopped its debt collection efforts by November 4, 2017, after Scott filed for bankruptcy. Scott, however, has provided no evidence which indicates that the Court erred in its initial determination that Trott ended its debt collection efforts against Scott. Scott has failed to provide evidence that the Court erred in finding that Trott did not violate the FDCPA.

The Court finds that Scott has not met his burden on a motion for reconsideration, as he has not demonstrated a palpable defect by which the court has been misled. Additionally, the Court notes that Scott has attempted to advance new arguments in his Motion for Reconsideration. The Court declines to consider these new arguments as they are substantively-related to the FDCPA claim, but fail to raise a defect committed by the Court. Additionally, a motion for reconsideration is "aimed at *re* consideration, not initial consideration." *Sault Ste. Marie Tribe*, 146 F.3d at 374 (citing *FDIC*, 978 F.2d at 16). Scott's Motion for Reconsideration is denied.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff Kevin Scott's Motion for Reconsideration (Doc # 56) is DENIED.

                              S/Denise Page Hood  
                              Denise Page Hood  
                              Chief Judge, United States District Court

Dated: December 18, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2017, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry  
                              Case Manager