UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KEVIN SCOTT,

        Plaintiff,

v

TROTT LAW, P.C.,

        Defendant.

Case No. 2:16-cv-13734
Hon. Denise Page Hood
Mag. David R. Grand

---

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED R CIV P 12(c)

NOW COMES Defendant, Trott Law, P.C. ("Trott"), by and through its attorneys, TROTT LAW, P.C., by Robert J. Kinggo III, and for its Motion for Judgment on the Pleadings Pursuant to Fed R Civ P 12(c) states:

### ED Mich LR 7.1(a)(2) statement

Counsel for Trott spoke with counsel for Plaintiff on April 10, 2019, explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Trott relies on the law, argument and facts set forth in the corresponding brief to support the relief being requested below.

WHEREFORE, Defendant, Trott, respectfully requests this Honorable Court to order and adjudge the following:

A. That Defendant's Motion for Judgment on the Pleadings Pursuant to Fed R Civ P 12(c) is granted;

B. That Plaintiff's Complaint is dismissed with prejudice; and

C. That Trott is dismissed with prejudice.

5/17/2019                          Respectfully Submitted,
                                   TROTT LAW, P.C.

                                   /s/ Robert J. Kinggo III
                                   Robert J. Kinggo III (P68442)
                                   TROTT LAW, P.C.
                                   Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jan J. Rubinstein (P57937)
jjrubinstein@yahoo.com

                                   /s/ Robert J. Kinggo III
                                   Robert J. Kinggo III (P68442)
                                   TROTT LAW, P.C.
                                   Attorneys for Defendant
                                   31440 Northwestern Hwy., Ste. 145
                                   Farmington Hills, MI 48334-5422
                                   248.593.0496
                                   rkinggo@trottlaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT,

    Plaintiff,

v

TROTT LAW, P.C.,

    Defendant.

Case No. 2:16-cv-13734
Hon. Denise Page Hood
Mag. David R. Grand

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED R CIV P 12(c)

NOW COMES Defendant, Trott Law, P.C. ("Trott"), by and through its attorneys, TROTT LAW, P.C., by Robert J. Kinggo III, and for its Brief in Support of its Motion for Judgment on the Pleadings Pursuant to Fed R Civ P 12(c) submits:

## I. ISSUE PRESENTED

Trott's Motion for Judgment on the Pleadings Pursuant to Fed R Civ P 12(c) presents the following straightforward issue to this Court:

1. Whether the Supreme Court's recent decision set forth in *Obduskey v McCarthy & Holthus LLP* requires the dismissal of Plaintiff's remaining claim?

   Trott's Answer: Yes.

   Plaintiff's Answer: No.

## II. CONTROLLING AUTHORITY

Trott relies on Federal case law, the Federal Rules of Civil Procedure and Michigan law to support the relief requested in its motion. These authorities will be appropriately cited in the argument below.

## III. STATEMENT OF FACTS

The Mortgage and Foreclosure Activity

The facts relevant to this motion are well-known, well-established and limited. On, or about, April 26, 2004 Plaintiff borrowed $285,000.00 from Bank of America, N.A. (the "Loan"). As security for the Loan, Plaintiff granted Bank of America, N.A. ("Bank of America") a mortgage dated April 26, 2004 and recorded on April 28, 2004 in Liber 33421, Page 316 of the Oakland County Records (the "Mortgage"). The Mortgage encumbered the real property and premises commonly known as 29343 Fieldstone, Farmington Hills, MI 48334 (the "Property").

In September of 2016 Bank of America referred the Mortgage to Trott to commence foreclosure proceedings pursuant to MCL § 600.3201, *et seq*.

On September 20, 2016 Trott mailed Plaintiff a letter advising him that Trott had been retained by Bank of America to foreclose the Mortgage (the "Fair Debt Letter"). Amongst other things, the Fair Debt Letter advised Plaintiff of the amount owed on the Mortgage Loan and that he could dispute the validity of the Mortgage Loan debt by contacting Trott in writing within thirty (30) days of the date of the letter (9/20/16).

Pursuant to MCL § 600.3208 Trott engaged the *Detroit Legal News* on, or about, October 5, 2016 to publish a notice of mortgage foreclosure sale. The *Detroit Legal News* did, in fact, publish the notice of mortgage foreclosure sale for four (4) consecutive weeks, commencing on October 7, 2016 and ending on October 28, 2016 (the "Publications"). Also on, or about, October 5, 2016 and in further compliance with MCL § 600.3208, Trott arranged for the notice of mortgage foreclosure sale to posted in a conspicuous place upon the Property, which occurred on October 14, 2016 (the "Posting").

On, or about, October 8, 2016 Plaintiff mailed Trott a letter disputing the validity of the Mortgage Loan debt (the "Dispute"), which was received by Trott on, or about, October 11, 2016.

<u>This Case in this Court</u>

Plaintiff filed this case in this Court on October 20, 2016. On June 22, 2017 this Court entered an order granting Trott's Motion for Summary Judgment/Dismissal, dismissing all of Plaintiff's claims against Trott (the "Dismissal") (**Docket No. 54**). Subsequently, following the denial of his Motion for Reconsideration, Plaintiff appealed the Dismissal to the 6th Circuit Court of Appeals on January 12, 2018 (the "Appeal") (**Docket No. 58**).

<u>The Appeal</u>

On January 11, 2019 the 6th Circuit Court of Appeals issued its opinion (the "Remand Opinion") (**Docket No. 61**) *Scott v Trott Law, P.C.*, No. 18-1051, 2019 US App LEXIS 1015 (6th Cir January 11, 2019). The Remand Opinion affirmed this Court's dismissal of all of Plaintiff's claims EXCEPT Count I of Plaintiff's Complaint – violation of the Fair Debt Collection Practices Act. *Id.* at * 16-17.

## IV. ANALYSIS

A motion for judgment on the pleadings brought under Federal Rule of Civil Procedure 12(c) requires this Court to apply the same standards as a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Albrecht v Treon*, 617 F3d 890, 893 (6th Cir 2010). Thus, a district court must accept the plaintiff's well-pleaded allegations as true and construe each of them in a light that is most favorable to it. *Bennett v MIS Corp*, 607 F3d 1076, 1091 (6th Cir 2010). Although, this assumption of truth does not extend to the plaintiff's legal conclusions because

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v Iqbal*, 129 S Ct 1937, 1949-50; 173 L Ed 2d 868 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v Lucent Techs, Inc.*, 520 F3d 516, 519 (6th Cir 2008) (citation and internal quotation marks omitted).

## V. ARGUMENT

As set forth above, the only remaining claim in this case is Count I of Plaintiff's Complaint – Plaintiff's allegation that Trott is liable to him for perceived violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (the "FDCPA"). A little more than two (2) months after the Remand Opinion was issued the Supreme Court issued an opinion that abrogated the Remand Opinion and requires dismissal of Plaintiff's sole remaining claim and this case. Specifically, the Supreme Court has recently determined that those who engage in non-judicial, statutory foreclosures are not debt collectors within the meaning of the FDCPA and, therefore, are not subject to its provisions and restrictions except those set forth in § 1692f(6). *Obduskey v McCarthy & Holthus LLP*, 139 S. Ct. 1029 (March 20, 2019).

In *Obduskey*, the plaintiff filed suit against the defendant, a law firm retained by plaintiff's mortgage lender to conduct a non-judicial, statutory foreclosure upon plaintiff's home. *Id.* at * 1034-1035. The defendant (law firm) sent the plaintiff (homeowner) a letter advising him that it had been retained to foreclose upon his

5

home, disclosed the amount owed on the loan and identified the creditor. *Id.* at * 1035. This letter was a notice sent pursuant to the provisions of the FDCPA and which was responded to by the plaintiff, who contested the validity of the debt. *Id.* The defendant continued its efforts and pursuit of the non-judicial, statutory foreclosure after receiving plaintiff's debt dispute and before it verified the debt. *Id.*

The plaintiff then filed a lawsuit in federal district court alleging that the law firm had violated the FDCPA by continuing with the non-judicial foreclosure procedures before verifying the debt. *Id.* The district court dismissed plaintiff's lawsuit, finding that the law firm was not a debt collector. *Id.* On appeal, the 10th Circuit Court of Appeals affirmed the dismissal, concluding that the "mere act of enforcing a security interest through a non-judicial foreclosure proceeding does not fall under" the FDCPA. *Id.* (citation omitted).

The Court based its decision (that, except for § 1692f(6), those engaged in non-judicial foreclosures are not debt collectors within the meaning of the FDCPA) upon three (3) considerations. First, the Court's decision was based upon the plain language of the FDCPA. The Court's analysis, rightfully so, began by looking at the FDCPA's definition of "debt collector" which:

> "means any person … in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. **For the purpose of section 1692f(6) of this title, such term *also* includes any person who uses any instrumentality of interstate**

**commerce or the mails in any business the principal purpose of which is the enforcement of security interests."**

15 U.S.C. § 1692a(6) (emphasis added).

The Court's attention was focused on the first and third sentences of the above-cited definition, referring to them as the "primary definition" and the "limited-purpose definition", respectively. *Id.* at * 1035-1036. The Court reasoned that the limited-purpose definition excluded those engaged in non-judicial foreclosures from all provisions and prohibitions within the FDCPA *except* those found within § 1692f(6), noting that by "giving effect to every word of the limited-purpose definition narrows the primary definition, so that the debt collector-related prohibitions of the FDCPA (with the exception of § 1692f(6)) do *not* apply to those who, like McCarthy, are engaged in no more than security-interest enforcement." *Id.* at * 1037 (emphasis in original).

Next, the Court concluded that Congress must have intended to treat mortgage foreclosures differently from other forms of debt collection "in order to avoid conflicts with state nonjudicial foreclosure schemes." *Id.* The Court recognized the inherent impossibility of complying with a non-judicial, statutory foreclosure scheme requiring publication and, at the same time, not running afoul of the FDCPA, which prohibits communicating with third parties in connection with the collection of a debt. *Id.*

Finally, the Court surmised that the legislative history of the FDCPA supported its conclusion, recognizing that one preliminary draft of the bill would

have subjected security interest enforcers to the full coverage of the FDCPA and another version would have completely excluded them from all coverage of it. *Id.* at * 1037-1038. The Court reasoned that the FDCPA's "present language has all the earmarks of a compromise: The prohibitions contained in § 1692f(6) will cover security-interest enforcers, while the other "debt collector" provisions of the Act will not." *Id.* at * 1038.

The facts and claims presented to, and addressed by, the Supreme Court in *Obduskey* are indistinguishable to the facts and remaining claim(s) in this case. The result must be the same.

Here, in this case, Plaintiff makes no allegation that Trott violated any provision of § 1692f(6); rather, his claim(s) is that Trott violated the provisions of § 1692g(b) by allowing the Publications and Posting to occur after receiving the Dispute but before validating the debt. As such, Plaintiff's claim is unsustainable as a matter of law because Trott is, and was, not a debt collector within the general meaning of the FDCPA and is not subject to the provisions of § 1692g(b). The Supreme Court has made this determination and so now must this Court.

## VI. CONCLUSION

Plaintiff's sole remaining claim against Trott is no longer tenable. The Supreme Court's recent decision in *Obduskey* precludes Plaintiff from advancing his claim any further. Trott is not liable to Plaintiff under the FDCPA because Trott is not a debt collector as defined by the FDCPA.

WHEREFORE, Defendant, Trott, respectfully requests this Honorable Court to order and adjudge the following:

A. That Defendant's Motion for Judgment on the Pleadings Pursuant to Fed R Civ P 12(c) is granted;

B. That Plaintiff's Complaint is dismissed with prejudice; and

C. That Trott is dismissed with prejudice.

5/17/2019

Respectfully Submitted,
TROTT LAW, P.C.

/s/ Robert J. Kinggo III
Robert J. Kinggo III (P68442)
TROTT LAW, P.C.
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jan J. Rubinstein (P57937)
jjrubinstein@yahoo.com

/s/ Robert J. Kinggo III
Robert J. Kinggo III (P68442)
TROTT LAW, P.C.
Attorneys for Defendant
31440 Northwestern Hwy., Ste. 145
Farmington Hills, MI 48334-5422
248.593.0496
rkinggo@trottlaw.com