UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT,

        Plaintiff,         CASE NO. 16-13734
                               HON. DENISE PAGE HOOD

v.

TROTT LAW, P.C.,

        Defendant.
                                          /

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT [#67]

### I. BACKGROUND

On October 20, 2016, Plaintiff Kevin Scott ("Scott") filed a *pro se* Complaint against Defendant Trott Law, P.C. ("Trott") alleging Violation of the Fair Debt Collection Practices Act ("FDCPA") (Count 1), Violation of the Real Estate Settlement Procedures Act (Count 2), Unreasonable Collection Efforts under M.C.L. § 339.918(e)(2) (Count 3), Fraud and Misrepresentation (Count 4), Intentional Infliction of Emotional Distress (Count 5), and Violation of Civil Rights under 42 U.S.C. § 1981 (Count 6). On January 26, 2017, Trott filed a Motion for Summary Judgment / Dismissal. (Doc # 18) The Court granted Trott's Motion as to all Counts on June 22, 2017. (Doc # 54) The Court notes that while the docket does not reflect

1

exactly when this happened, Scott secured counsel, Jan J. Rubinstein, after the Court granted Trott's Motion but before or on the date when Scott filed his Notice of Appeal on January 12, 2018. (Doc # 58) On January 11, 2019, the Sixth Circuit reversed this Court's summary judgment with respect to only Scott's FDCPA claim.[1] (Doc # 61)

On May 17, 2019, Trott filed a Motion for Judgment on the Pleadings. (Doc # 67) A Response and Reply have been filed. (Doc # 69; Doc # 70) This Motion is currently before the Court and a hearing on this Motion was held on July 10, 2019.

Scott filed this action arising from ongoing proceedings to foreclose the Mortgage, dated April 26, 2004, on his residence in Farmington Hills, Michigan. On September 27, 2016, Trott initiated a foreclosure by advertisement by sending a Fair Debt Letter to Scott stating the amount of the Debt. The letter indicates that Trott is a debt collector attempting to collect a debt, that Trott represents Bank of America, N.A. ("BANA"), and that this matter was referred to Trott to foreclose Scott's Mortgage. (Doc # 1, Pg ID 30) The letter identifies Fannie Mae as the owner of the debt and BANA as the servicer of the debt. *Id.* The letter indicates that BANA has elected to accelerate the total indebtedness due and owing under the Mortgage,

---

[1] The Sixth Circuit determined that Trott violated the FDCPA by continuing collection activities after receiving Scott's Dispute Letter. *Scott v. Trott Law, P.C.*, 760 F. App'x 387, 394 (6th Cir. 2019).

$180,131.05. *Id.* The letter breaks down the total amount due and owing, indicating amounts owed for principal balance, unpaid interest, late charges, allowable advances, less escrow balance, escrow advance, and NSF fees. *Id.* The letter further states:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or a copy of the judgment, if applicable, and mail a copy of such verification or judgment to you. If you request, in writing, within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. *Id.*

Trott sent another letter to Scott on October 7, 2016. *Id.* at 32. This letter notified Scott that, under the power of sale contained in the Mortgage, the Mortgage will be foreclosed by a sale of the mortgaged premises on November 8, 2016. *Id.* The letter also states that the redemption period shall be 12 months from the date of the sale, unless determined abandoned, in which case the redemption period shall be 30 days from the date of the sale. *Id.*

Trott additionally took three actions on October 5, 2016. First, Trott arranged a sheriff's sale for a Foreclosure of Mortgage by Advertisement with an auction date of November 8, 2016. Pursuant to Michigan law, Mich. Comp. Laws § 600.3208,

Trott prepared a Notice of Mortgage Foreclosure Sale ("Notice") that was to be posted on the premises of Scott's home and published for four consecutive weeks in a newspaper in the county of Scott's residence and stated the date of sale and amount of outstanding mortgage debt. Second, Trott contacted a local newspaper to schedule the home posting and the four publications of the Notice for October 7, 14, 21, and 28 of 2016. The newspaper had the Notice posted on the premises on October 14, 2016. Third, Trott mailed a copy of the Notice to Scott.

On October 8, 2016, Scott sent a certified letter to Trott disputing the validity of the debt and claiming that he provided certain checks, each in the amount of $2,888.98, to attorneys at Maddin Hauser representing BANA in his previous action, Case No. 12-12864. *Id.* at 34. An Affidavit of Scott also indicates that these attorneys were given checks that were to be given to BANA in the amount of $2,888.98, and that "all of the missing checks were given to the Attorneys." *Id.* at 41. The Affidavit does not specify how many alleged missing checks there are. *Id.* at 40-41.

According to the Complaint, BANA misrepresented the total amount due as $115,946.31 in September 2016. *Id.* at 10. Scott asserts that he only owes approximately $65,995.52. *Id.* The Complaint alleges that Scott is "current" because all checks were given to attorneys at Maddin Hauser, and that Trott refused

to verify the debt. *Id.* The Complaint further alleges that Trott fraudulently initiated the foreclosure process.

On October 5, 2016, Maddin Hauser sent a letter to Scott in response to his various e-mails. *Id.* at 36. Maddin Hauser's letter indicates that Maddin Hauser is no longer involved in this matter and that "[a]ny and all checks that my office received from you were either returned to you or forwarded on to our client." *Id.* Maddin Hauser sent a second letter to Scott on October 6, 2016 indicating that they did not represent him and that they have no additional personal knowledge regarding the location of his checks. *Id.* at 38. After commencement of this action, the foreclosure sale of the mortgaged premises scheduled for November 8, 2016 was canceled.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) authorizes parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions for judgement on the pleadings are analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the

motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

When deciding a 12(c) motion for judgment on the pleadings, as a general rule, matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court may, however, consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long

as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 89.

## III. ANALYSIS

Trott argues that the Court should grant the instant Motion due to the Supreme Court's findings in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), which the Supreme Court issued on March 20, 2019—a little more than two months after the Sixth Circuit issued its Opinion regarding this case. Trott claims that because of *Obduskey*, the Court should not allow Scott to proceed with his remaining FDCPA claim since this case is premised on it engaging in a nonjudicial statutory foreclosure.[2]

In response, Scott makes two arguments for the Court to consider. First, Scott contends that Trott's argument fails because Trott violated 15 U.S.C. § 1692f(6), which according to *Obduskey*, makes Trott liable for violating the FDCPA even though it engaged in a nonjudicial statutory foreclosure.[3]

---

[2] The Supreme Court determined in *Obduskey* that a business engaged in no more than nonjudicial foreclosure proceedings is not a "debt collector" under the FDCPA, except for the limited purpose of 15 U.S.C. § 1692f(6). *Obduskey*, 139 S. Ct. at 1038.

[3] 15 U.S.C. § 1692f(6) explains that debt collectors are prohibited from:

> **(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>
> > **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> > **(B)** there is no present intention to take possession of the property; or

7

According to Scott, Trott's conduct makes it liable for violating 15 U.S.C. § 1692f(6). Scott asserts that as an initial matter, Trott is a debt collector because it has held itself out to be a debt collector in its email signature and letterhead, during oral argument, and throughout its pleadings.[4] Additionally, Scott claims that Trott is a debt collector since it engaged in security-interest enforcement through its ownership of other entities—which perform perquisites to foreclosures pursuant to Michigan law—and had an incentive to produce 1,000 foreclosure notices per month for a sum of $500,000. Scott further contends that Trott had no "present right to possession of the property at issue through an enforceable security interest" under § 1692f(6). (Doc # 69, Pg ID 30) In support of this argument, Scott cites to the Sixth Circuit's Order, in which the Sixth Circuit said in a footnote that "had Scott's property been sold, the purchaser would not have valid title to the property because Trott had no such title to convey."[5] (Doc # 61)

---

**(C)** the property is exempt by law from such dispossession or disablement.

[4] The term "debt collector" under the FDCPA has been defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

[5] The Court notes that the Sixth Circuit went on to say in that footnote that "a buyer receives voidable title where there is a defect in the notice of a foreclosure sale under Mich. Comp. Laws § 600.3208." *Scott*, 760 F. App'x at 393 n.5 (citing *Jackson Inv. Corp. v. Pittsfield Products, Inc.*, 162 Mich App. 750, 755-56 (Mich. Ct. App. 1987)). Further, the Sixth Circuit said that it would

Trott's reply to Scott's first response is that even if Trott characterized itself as a debt collector, that does not conclusively prove that Trott was in fact a debt collector for FDCPA purposes. Trott cites to the Sixth Circuit case *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 399 (6th Cir. 1998), in which the court found that even though a debt collector sent a letter to a debtor that stated at the bottom of the letter that the debt collector was attempting to collect a debt, the letter was not then transformed into an unlawful demand for payment. Trott claims that the court in *Lewis* also determined that such a statement regarding the debt an entity tries to collect is required by the FDCPA, and the failure to include that type of a disclaimer is a violation of the FDCPA. *See* 15 U.S.C. § 1692e(11). Trott additionally contends that it cannot be held to its previous declarations regarding its status as a debt collector because when it admitted to being a debt collector, its proclamations were in accordance with the Sixth Circuit's determination that it was one. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453,462 (6th Cir. 2013) (finding that "debt collectors" that engage in nonjudicial action *are* subject to the FDCPA). However, Trott claims that since *Obduskey* became binding law, Trott should now be able to argue that it is not a debt collector under the FDCPA.

---

be obvious that a legal dispute, as evidenced by the dispute letter, would have made the title to the property voidable. *Id.*

Scott's second argument is that the Court should allow him to amend his initial Complaint. Scott claims that due to the significant changes in the law, he should be permitted to present facts to assist him with proving his remaining FDCPA claim. Scott asserts that if he is not allowed to amend his Complaint, he would be subject to significant injustices as *Obduskey* altered definitions under the FDCPA that are directly applicable to this case. Scott contends that the Court should consider the fact that his amended complaint would be filed with the assistance of counsel as he filed his initial Complaint on a *pro se* basis. Finally, Scott asserts that if the Court were to allow him to amend his Complaint, the parties could both engage in meaningful discovery and proceed with the understanding that this Court will defer to *Obduskey*.

Trott argues to the contrary. Trott alleges that in addition to the fact that Scott has not filed a motion seeking leave to amend or attached a proposed amended pleading in accordance with E.D. Mich. LR 15.1, Scott's amended complaint would be futile. Trott contends that Scott's amended complaint would be futile because Scott's rebuttal to the instant Motion is based on the Sixth Circuit's erroneous notation that a purchaser who received the subject property as a result of the foreclosure sale would have received voidable title. Trott says that the Sixth Circuit's commentary was "misplaced" since *Obduskey* is now controlling authority, and under *Obduskey*, Trott cannot be defined as a debt collector. Trott asserts that

because it is not a debt collector, Trott could not have violated the FDCPA, and the Sixth Circuit's footnote from its Order is consequently irrelevant.

The Court will first address Scott's request to amend his Complaint. In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. Fed. R. Civ. P. 15(a)(2). Defendant opposes Plaintiff's request, so it is within the Court's discretion whether to grant Plaintiff's request to amend his Complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

> (1) the delay in filing the motion,
> (2) the lack of notice to the other party,
> (3) bad faith by the moving party,
> (4) repeated failure to cure deficiencies by previous amendments,
> (5) undue prejudice to the opposing party, and
> (6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court finds that justice requires that Scott have the opportunity to amend his Complaint since there is new law governing his claim. Both parties acknowledge that *Obduskey* may alter the Court's analysis of Scott's claim and at least one other court has granted similar plaintiffs' request to amend their complaint in light of *Obduskey*. *See Eastman v. NPL Capital, LLC*, No. 17-CV-03074-RBJ, 2019 WL 1596142, at *1 (D. Colo. Apr. 15, 2019). The Court finds that Scott did not act in bad faith and an amendment in this instance would not be futile since it would give him the opportunity to present new facts and make additional arguments that he did not provide to the Court previously due to the change in law. Further, the Court does not believe that Trott will be unfairly prejudiced if Scott is allowed to amend his Complaint, and contrarily, the additional time afforded to both parties could very well benefit Trott.

The Court also notes that it does not find Trott's arguments in opposition to Scott's request to be persuasive. First, the fact that Scott has not filed a motion seeking leave to amend or attached a proposed amended pleading pursuant to E.D. Mich. LR 15.1 is irrelevant as E.D. Mich. LR 15.1 states that "[f]ailure to comply with this Rule is not grounds for denial of the motion." Next, Trott's contention that Scott's reliance on the Sixth Circuit's footnote from its Order is misplaced and therefore makes his request to amend his Complaint futile, is unsupported by the facts in this case at this time. Trott is essentially claiming that the Sixth Circuit's

12

footnote was inaccurate because Trott is conclusively not considered a debt collector. The facts do not decisively indicate that such a contention is true. Therefore, because at this stage, the Court is not able to adequately determine whether Trott was a debt collector or violated 15 U.S.C. § 1692f(6), Scott's request to amend his Complaint is not futile and is therefore granted.

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that Defendant Trott Law, P.C.'s Motion for Judgment on the Pleadings (Doc # 67) is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that Plaintiff Kevin Scott's request to amend his Complaint is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff Kevin Scott will have thirty days from the date of the entry of this order to file an amended complaint.

IT IS FURTHER ORDERED that Plaintiff's counsel, Jan J. Rubinstein, will have fourteen days from the date of the entry of this order to file his notice of appearance.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: August 15, 2019                                   Chief Judge