UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT

      Plaintiff,

                                Case No.: 2:16-cv-13734

- vs -                           Hon.: Denise Page Hood
                                Mag. David R. Grand

TROTT LAW, P.C

      Defendant.

_____/

| | |
|---|---|
| THE RUBINSTEIN LAW FIRM | TROTT LAW, P.C. |
| Jan Jeffrey Rubinstein (P57937) | Robert J. Kinggo (P68442) |
| Ryan P. Richardville (P77335) | Attorneys for Trott Law, P.C. |
| Attorneys for Kevin Scott | 31440 Northwestern Hwy. Ste 200 |
| 30150 Telegraph Rd., Ste. 444 | Farmington Hills, MI 48334 |
| Bingham Farms, MI 48025 | (248) 723-5765 |
| (248) 220-1415 | rkinggo@trottlaw.com |
| jjr@therubinsteinfirm.com | |

_____/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND DEEM REQUEST FOR ADMISSIONS ADMITTED**

   NOW COMES Plaintiff, KEVIN SCOTT, by and through his attorneys, THE RUBINSTEIN LAW FIRM, and for Plaintiff's Motion to Compel Defendants to Produce Responses to Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Deem Request for Admissions Admitted, respectfully states as follows:

1. On April 22, 2020, Plaintiff, KEVIN SCOTT, served his First Set of Interrogatories and Request for Production of Documents, and Request for Admissions (see Exhibit "A") following the filing of Plaintiff's Amended Complaint upon Defendant, TROTT LAW, P.C.

1

2. To date, Defendant has provided no written responses whatsoever to Plaintiff's First Set of Interrogatories and Request for Production of Documents and has provided no answers to Plaintiff's Request for Admissions whatsoever.

3. Rule 33 of the Federal Rules of Civil Procedure provides that each interrogatory must be answered separately and **fully** in writing under oath and imposes a duty to provide all the information within the responding party's knowledge and control.

4. Defendant's responses to Plaintiff's First Set of Interrogatories (Exhibit "A") are deficient, as Defendant failed to provide full and complete answers to any of Plaintiff's written discovery requests.

5. Likewise, Rule 36 of the Federal Rules of Civil Procedure provides that in answering requests for admission of facts, if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

6. Further, Defendant's responses to Plaintiff's Request for Admissions (Exhibit "A") are also deficient, as Defendant failed to properly respond to those requests.

7. The Federal Rules of Civil Procedure Rule 36(a)(3) govern Requests for Admission, stating:

> **A matter is admitted unless, within 30 days after being served**, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

2

8. It is well-settled that an incomplete or evasive answer is not an appropriate response to a discovery request and is to be treated as a complete failure to disclose, answer, or respond. Federal Rule of Civil Procedure 37(a)(4); *Merriweather v. United Parcel Serv., Inc.*, 2018 WL 3572527 (W.D. Ky July 25, 2018).

9. Michigan courts encourage far-reaching, open, and effective discovery practice. The purpose of discovery is to simplify and clarify issues so that parties may adequately prepare for trial, and discovery rules are to be liberally construed to further the ends of justice. *Daniels v Allen Industries, Inc,* 391 Mich 398, 403; 216 NW2d 762 (1974).

10. The requested discovery is imperative to allow Plaintiff to adequately prepare for Case Evaluation and Trial in this matter. Consequently, Plaintiff's rights are greatly prejudiced without the requested discovery.

11. Pursuant to Local Court Rule 7.1, Counsel for Plaintiff contacted Defendant's counsel on July 8, 2020 to obtain concurrence with Plaintiff's Motion to Compel by way of stipulated order to provide discovery. Despite such efforts, movant was unable to obtain concurrence in the relief sought.

12. A proposed order granting Plaintiff's motion is attached as Exhibit "B."

WHEREFORE, Plaintiff, KEVIN SCOTT, respectfully requests this Honorable Court to enter an order compelling Defendant, TROTT LAW, P.C., to provide responses to Plaintiff's First Set of Interrogatories, Request for Production of Documents, within ten (10) days, and to further deem Plaintiff's Requests for Admission as admitted, and award such other relief as determined to be just and appropriate.

Respectfully submitted,

THE RUBINSTEIN LAW FIRM

By: *Jan Jeffrey Rubinstein*

Jan Jeffrey Rubinstein (P57937)
Attorney for Plaintiff

Dated: July 8, 2020

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT

      Plaintiff,

                                     Case No.: 2:16-cv-13734

- vs -                           Hon.: Denise Page Hood
                                      Mag. David R. Grand

TROTT LAW, P.C

      Defendant.

_____/

THE RUBINSTEIN LAW FIRM         TROTT LAW, P.C.
Jan Jeffrey Rubinstein (P57937)     Robert J. Kinggo (P68442)
Ryan P. Richardville (P77335)       Attorneys for Trott Law, P.C.
Attorneys for Kevin Scott            31440 Northwestern Hwy. Ste 200
30150 Telegraph Rd., Ste. 444      Farmington Hills, MI 48334
Bingham Farms, MI 48025        (248) 723-5765
(248) 220-1415                   rkinggo@trottlaw.com
jjr@therubinsteinfirm.com

_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS**

    NOW COMES Defendant, KEVIN SCOTT, by and through his attorneys, THE RUBINSTEIN LAW FIRM, and for his First Set of Interrogatories and Request for Production of Documents to Defendant, states as follows:

**INTERROGATORY INSTRUCTIONS**

1. Each of the following interrogatories will be deemed continuing. If between the time you serve your answers and the conclusion of this litigation you directly or indirectly obtain further or different information or knowledge than that contained in your answers, you are required to file amended answers to these interrogatories within 28 days after receipt of such further or different knowledge or information, or before trial, whichever first occurs. In

furnishing answers and any amended answers to each of the following interrogatories, you are cautioned to omit nothing by way of information or detail. Plaintiff will assume that where information is not stated, it does not exist, and where detail is missing, it cannot be provided; therefore, plaintiff will urge the court to rule that any information or detail not furnished in your answers to these interrogatories cannot be used by you in relation to this action in any manner. A disk containing these interrogatories and requests to produce in Microsoft Word Version or an e-mail copy will be provided on request.

2. In response to each interrogatory, you may attach all documents responsive to the interrogatory in lieu of an answer. These documents may be documents within your possession or control or documents in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected with you or your attorneys and anyone else otherwise subject to your control, as long as the document provides all information requested in the interrogatory. If a document is responsive to more than one interrogatory, please cross-reference your answers.

3. In responding to these discovery requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If any of the discovery requests are ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity. The ambiguity will be promptly clarified in a reply letter. If any discovery request (or subpart) is deemed to be unduly burdensome, please send a letter to the undersigned counsel specifying the reasons why the request is unduly burdensome and stating whatever information and knowledge you have of the documents called for in the request. Generally, an attempt will be made to rephrase the request (or subpart) in a reply letter to lessen the burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of these discovery requests.

4. If you claim a privilege regarding some or all of the documents requested by these discovery requests, please identify (a) the privilege claimed, (b) the general topic of the information claimed privileged, (c) the person(s) who prepared each document about which privilege is claimed, (d) the person(s) in whose custody each document rests, (e) the approximate date

the document was prepared, (f) the length of the document, and (g) the location of the document.

5.  In construing these discovery requests, the following apply:

(a) The singular includes the plural and the plural includes the singular.

(b) A masculine, feminine, or neuter pronoun does not exclude the other genders.

(c) "Communications" means and includes all "documents" as defined in (d), as well as all written, oral, telephonic, or other inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, publicity releases, trade releases, and interviews.

(d) "Document(s)" is used in the broadest sense of the word and includes but is not limited to any and all reports, correspondence, memoranda, notes, records, or writings of any kind. For purposes of this request, any document that contains any note, comment, addition, deletion, insertion, annotation, or the like, comprises a nonidentical copy of another document and will be treated as a separate document subject to production.

(e) "You" or "your" means mortgage loan servicer Selene Finance, LP ("Selene Finance") or any person acting or purporting to act for or on behalf of Selene Finance, including but not limited to consultants, agents, business entities, and all persons including attorneys.

(f) "Related to" or "relate to" mean relating to, referring to, pertaining to, consisting of, reflecting, evidencing, concerning or in any way logically or factually connected with the matter discussed.

(g) "Or" will be construed in the conjunctive.

(h) "Person" includes but is not limited to an individual, a trust, a limited partnership, a general partnership, a joint venture, a corporation, any other business association, a not-for-profit corporation, a trustee, or any other business or legal entity, its agents and employees. All references to "person" in the singular include the plural and vice versa.

(i) "Identify," when used with respect to a person, means to state (1) the name, address, and telephone number of the person; (2) the name of the person's present employer, place of employment, and job title; and (3) whether the person was affiliated at any time with any party to this litigation, by employment or otherwise, and what the nature and dates of the affiliation were.

(j) "Identify," when used with respect to a document, means (1) to specify the nature of the document (for example, letter, memorandum); (2) to state the date on the document or, if

there is none, the date the document was prepared; (3) to describe in general the subject matter of the document; (4) to identify each person who wrote, signed, dictated, or otherwise participated in preparing the document; (5) to identify each addressee; and (6) to identify each person who now has a copy of the document.

(k) "Identify," when used with respect to an oral communication, means (1) to state the date of the communication; (2) to identify each participant and each person who was present; (3) to state what was said by each participant or the substance of what was said if you do not recall the actual content; (4) to state whether there are any documents that set forth, summarize, or refer to any portions of the oral communication; and (5) if such documents exist, to identify them and each person who has a copy of a document.

## INTERROGATORIES

1. Please state the name, address, telephone number(s) and position with the Defendant of the person(s) answering or assisting in answering these interrogatories. Please further state the name, address, telephone number(s) and position with the Defendant of all person(s) providing any assistance to the person(s) answering or assisting in answering these interrogatories, identifying by number the question number(s) where said assistant provided information, and the information which was provided. Please further specify, if the information was received in person, by facsimile document, and/or by telephone. Please set forth all persons in attendance, and/or on any telephone call that was present when the question(s) were discussed.

2. With specificity, identify the name and address of each witness who you may or expect to call at trial or at any evidentiary hearing, and for each witness, the issues for which each witness will be called, and state the testimony that you expect to be elicited from each, and a synopsis of the testimony each witness will provide.

3. Provide a list of any and all witnesses who have any knowledge whatsoever which supports Defendant's contention that Plaintiff Kevin Scott (hereafter, "Plaintiff") was in default under the mortgage loan with Bank of America N.A. described in Plaintiff's Amended Complaint (hereafter, "The Mortgage").

4. With specificity, please identify and state each and every fact that supports Defendant's contention that Plaintiff was in default under The Mortgage, as referenced in Plaintiff's Amended Complaint in this matter.

5. Please state the total amount of money that was loaned to Plaintiff relating to the property and mortgage described in Plaintiff's Complaint and the total amount of money paid by Plaintiff to Bank of America, N.A. (hereafter "Bank of America"), Wilmington Savings, and/or their authorized loan servicers including, but not limited to, Selene Finance, LP (hereafter "Selene Finance") as repayment towards the loan.

6. Please identify each and every communication between Bank of America, N.A. (hereafter, "BANA") and Defendant relating to the subject loan, including the method of communication, date of communication, the nature of conversation, specifically describing the subject matter that was discussed during the communication.

7. Please identify each and every document supporting the position that Plaintiff did not pay his mortgage. Attached any documents in your possession.

8. Please identify each and every document supporting the position that Plaintiff owed the amount alleged in your letter send to Plaintiff on September 20, 2016, on behalf of BANA.

9. Please describe with specificity and particularity any communications Defendant had with BANA regarding the dispute letter received from Plaintiff in October 2016.

10. Please state the date that the mortgage and promissory note referenced in Plaintiff's Complaint were executed and entered into and identify the parties to said mortgage and note.

11. Please state whether there has been any assignment of the mortgage referenced in Plaintiff's Complaint. If the answer to this interrogatory is yes, please:

    (a) identify the date the assignment was effectuated;

    (b) identify the parties involved in the assignment.

12. Please state whether, at any time, BANA disclosed the information required under the Truth in Lending Act, 15 U.S.C. §1635(b), to Defendant. If the answer to this interrogatory is yes, please:

    (a) Identify the information disclosed to the Defendant;

    (b) Identify the date the information was disclosed to the Defendant.

13. Do you have a copy of the original mortgage agreement described in Plaintiff's Complaint? If the answer to this interrogatory is no, please state the reason(s) for not having it.

14. Identify each and every document Defendant may introduce into evidence in this case.

15. State the complete payment history for Plaintiff's mortgage loan account from the date of closing to the present, including dates of payments received and the amounts received.

16. What document(s) does Defendant rely upon which confer powers to the loan servicer to provide notice of acceleration to the Defendant in the event of default?

17. State whether Detroit Legal News provided any services to the Defendant prior to taking action on The Mortgage.

18. State whether Defendant maintained or had an ownership interest in any affiliated businesses that provided services to the Defendant prior to taking action on The Mortgage.

19. State whether BANA retained Defendant to perform work regarding collections and/or mortgage foreclosures.  Attach any documentation in support.

20. State whether or not the United States Securities & Exchange Commission (hereafter, the "SEC") was in communication with Defendant at any time since 2010.  For each communication, please state the time and content of the communication.  Attach documentation in support if available.

21. Please identify fully the current principal owner(s), partner(s), and shareholder(s) of the Defendant.

22. Please identify any agents or employees of Defendant who communicated with Detroit Legal News regarding Plaintiff's Mortgage.

23. Please identify any agents or employees of Defendant who communicated with BANA regarding Plaintiff's Mortgage.

24.   Please identify any training, continued legal education, courses, materials, seminars, or likewise that Defendant utilizes in maintaining its collections practices.  Please state the dates in which these training materials have been utilized over a course of the last five (5) years.

25.  Please identify any and all litigation Defendant was a party to regarding its Collection Practices and/or its Mortgage Foreclosure Practices.

## REQUESTS TO PRODUCE DEFINITIONS

1. "Defendant" shall refer to Defendant Trott Law, P.C., and includes, but is not limited to, any agents or persons acting or authorized to act on behalf of such entity, as well as any predecessor entity thereof. "BANA" shall refer to Bank of America, N.A., and includes, but is not limited to, any agents or persons acting or authorized to act on behalf of such entity, as well as any predecessor entity thereof. "Plaintiff" shall refer to Kevin Scott.

2. The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments and other units therein, and shall include, but not be limited to, a public or private corporation, limited liability company, partnership, limited liability partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, firm, trust, group, estate, governmental agency, commission, bureau or department, and where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

3. The term "communication" means any oral or written utterance, notation, statement or transmittal of information of any nature from one person to another person, whether made in person, by telephone or by any other means, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements and other understandings between or among two or more persons.

4. The term "document" means any medium upon which intelligence or information can be written, printed, recorded or retrieved, whether an original, facsimile, extract of a copy, carbon copy, photostatic or xerographic copy, or other copy, regardless of origin and location, of any of the following: any book, pamphlet, periodical, letter, correspondence, intraoffice and interoffice communication, memorandum (including any memorandum or report of a meeting or conversation), minutes, circular, questionnaire, diary, calendar, desk calendar, date book, handwritten or typed note, file notation, affidavit, telex, telegram, telecopy, cable, report, record, contract, lease, agreement, study, data compilation, draft, working paper, chart, paper, print, field report, laboratory record, laboratory report, analysis, drawing, sketch, graph, index, list, tape, map, photograph, microfilm, microfiche, book of account, ledger, invoice, bill, order form, receipt, accounting entry, budget, bill of sale, check and checking account record, credit record,

expense report, financial analysis or statement, investment analysis, loan record or agreement, offering material, prospectus, publicity release, sales material, tax return, computer printout, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, typed or graphic matter, audio and video recording, and all other such items, however produced or reproduced, which is in Plaintiff's possession, custody or control, or subject to Plaintiff's custody or control, or which is in the hands of Plaintiff's attorneys, advisors, accountants, agents, representatives, directors, officers and employees. If a document has been prepared and several copies or additional copies have been made that are nonidentical or are no longer identical by reason of any subsequent addition or notation or other modification of such copy, each such nonidentical copy is to be construed as a separate "document."

5. The term "identity" or "identify" requires the following:

a. When used in reference to a <u>natural person</u>, you are required to state the person's full name, residential and business address, residential and business telephone numbers, and the person's last known position and business affiliation;

b. When used in reference to a <u>corporation</u>, firm or other entity, you are required to state said entity's full name and any names under which it does business, its form or organization (e.g., corporation, partnership, etc.), the address of its principal place of business, the addresses of all of its offices, the address where its records are kept, and the identity of its agents or employees who are knowledgeable persons concerning the subject matter of the interrogatory, request to admit, or request for production of document;

c. When used in reference to a <u>business</u>, you are required to state the full name or style under which the business is conducted, its business address or addresses, the type(s) of business in which it is engaged, the geographic areas in which it conducts any such business, the identity of the person(s) who own, operate and control the business, where its records are kept, and the identity of its agents or employees who are knowledgeable persons concerning the subject matter of the interrogatory, request for admission, or request for production of document;

d. When used in reference to a <u>communication</u>, you are required, if any part of the communication was written, to identify the document(s) which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication and to state the date, manner, place and substance of the communication;

e. When used in reference to a <u>meeting or conference</u>, you are required to state the date of the meeting or conference, the place of the meeting or conference, the full name and

present or last known position, business affiliation and residential address of each person attending the meeting or conference;

f. When used in reference to a <u>telephonic conversation</u>, you are required to state the full name, business affiliation and business address at the time, present or last known position and business affiliation and residential address of each party to the telephonic conversation, the location of each such party at the time the telephonic conversation took place, which of the parties initiated the telephonic call, and when such telephonic conversation took place; and

g. When used in reference to a <u>oral conversation,</u> other than a telephonic conversation, you are required to state when such conversation took place, where such conversation took place, and the full name and present or last known position and business affiliation and residential address of each person to such conversation.

6. The phrases "relating to" or "relate(s) to" as used herein means any document and/or communication which is in reference to, refers to, regards, reflects, concerns, contains, embodies or in any manner pertains to the subject matter of the interrogatory, request for admission, or request for production of documents.

## REQUESTS TO PRODUCE INSTRUCTIONS

1. Defendant's answers to these Requests to Produce Documents should be made in accordance with the procedures set forth in the Federal Rules of Civil Procedure and should be served within twenty-eight (28) days of service hereof.

2. The Requests to Produce Documents contained herein shall be deemed continuing and require further and supplemental responses if additional information is obtained between the time of your initial response and the time of the arbitration hearing in this matter.

3. For any and all documents identified herein which are no longer in your possession, custody, or control because of destruction, loss, or any other reason:

a. describe the nature of such document(s);

b. state the date of the document(s);

c. identify the author(s) (and addressor(s), if different) and the addressee(s) (and recipient(s), if different) of the original or any copy of the document(s);

    d. state in as much detail as possible the contents of the document(s); and

    e. state the manner and date of disposition of the document(s), including, without limitation, the person responsible for the decision of such disposition, and the person responsible for carrying out such disposition.

4. If you contend that you are entitled to withhold from production any or all of the documents identified herein on the basis of the attorney-client privilege, the work-product privilege, or any other ground, then:

    a. describe the nature of the document(s);

    b. state the date of the document(s);

    c. identify the author(s) (and addressor(s), if different) and the addressee(s) (and recipient(s), if different) of the original or any copy of the document(s);

    d. state the subject matter of the document(s); and

    e. state the ground(s) upon which you contend that you are entitled to withhold the document(s) from production.

5. You are to produce the documents which are in your possession, custody or control, as well as all documents which are in the possession, custody or control of your attorneys, advisors, accountants, bookkeepers, computer service companies, agents, representatives, directors, officers and employees.

6. No demand herein is an explicit or implicit restriction on any other demand(s) herein.

7. With respect to each document produced in response to a Request to Produce Documents herein, you are required to identify each and every paragraph or subparagraph number of this request in response to which such production is made.

## **DOCUMENT REQUESTS**

1. Produce all documents reflecting, referring, or relating to Defendant's claim that Plaintiff had defaulted under the terms of the Mortgage described in Plaintiff's Complaint.

2.  Produce all documents reflecting, referring, or relating to billing statements and/or statements of account that were generated by BANA in connection to The Mortgage described in Plaintiff's Complaint.

3.  Produce all documents reflecting, referring, or relating to billing statements and/or statements of account that were generated by Defendant in connection to the mortgage described in Plaintiff's Complaint.

4.  Produce all documents reflecting, referring, or relating to any written correspondences sent to Defendant by BANA.

5.  Produce all documents sent to Defendant by BANA in response to Plaintiff's request for written validation of the alleged debt which Defendant claimed was due as a result of Plaintiff's alleged breach of The Mortgage in this matter.

6.  Produce all documents reflecting, referring, or relating to any payments sent to BANA, by the Plaintiff.

7.  Produce all documents reflecting, referring to, or relating to any written notices sent to Defendant by BANA pursuant to the federal Truth in Lending Act, 15 U.S.C. §1601, et seq.

8.  Produce all documents reflecting, referring, or relating to any written notices sent to Defendant by the United States Securities and Exchange Commission (hereafter, the "SEC").

9.  Produce all documents reflecting, referring, or relating to any written notices sent to Defendant by BANA pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

10. Produce all documents relating to any payments made to Defendant for collections and/or mortgage services that were provided in connection with Plaintiff's mortgage as referenced in Plaintiff's Complaint.

11. Produce all written correspondences sent to BANA by Defendant.

12. Produce all written correspondences received from BANA by Defendant.

13. Produce all documents reflecting, referring, or relating to any written correspondences sent to any credit reporting bureau(s) by Defendant in connection with Plaintiff's mortgage as referenced in Plaintiff's Complaint.

14. Produce any documents relied upon by Defendant to support its claim that Plaintiff defaulted under the terms of the subject mortgage and note by failing to make monthly payments as required.

15. Produce any documents relied upon by Defendant to support its claim that it had the authority to execute a foreclosure sale of the subject property held by Plaintiff.

16. Produce all documents showing that Plaintiff was provided with lawful notice of the Foreclosure of Mortgage referred to in Plaintiff's Complaint.

17. Produce all documents showing that Defendant established, maintained, and/or followed reasonable procedures to comply with the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq., to ensure maximum possible accuracy in preparation of the credit reports it published concerning Plaintiff.

18. Produce all documents reflecting, referring, or relating to any alleged breach committed by Plaintiff under the terms and conditions of the mortgage referred to in Plaintiff's Complaint.

19. Produce all correspondences exchanged between the parties to this matter.

20. Produce all documents reflecting, referring, or relating to any credit applications, loan requests, or other supporting documents completed by Plaintiff in order to become approved for the mortgage loan referred to in Plaintiff's Complaint.

21. Produce a list of all business entities in which Defendant owns, has an ownership interest in, or has had an ownership interest in since 2014.

22. Produce copies of Defendant's tax returns for 2016, 2017, 2018, and 2019.

23. Produce all documents which Plaintiff intends to rely upon in support of its defenses at trial in this matter.

Respectfully submitted,
THE RUBINSTEIN LAW FIRM

Dated: April 22, 2020

BY: /s/ *Jan Jeffrey Rubinstein*

Jan Jeffrey Rubinstein (P57937)
Attorney for Kevin Scott

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN SCOTT

      Plaintiff,

                                              Case No.: 2:16-cv-13734

- vs -                                 Hon.: Denise Page Hood

                                              Mag. David R. Grand

TROTT LAW, P.C

      Defendant.

_____/

| THE RUBINSTEIN LAW FIRM | TROTT LAW, P.C. |
|---|---|
| Jan Jeffrey Rubinstein (P57937) | Robert J. Kinggo (P68442) |
| Ryan P. Richardville (P77335) | Attorneys for Trott Law, P.C. |
| Attorneys for Kevin Scott | 31440 Northwestern Hwy. Ste 200 |
| 30150 Telegraph Rd., Ste. 444 | Farmington Hills, MI 48334 |
| Bingham Farms, MI 48025 | (248) 723-5765 |
| (248) 220-1415 | rkinggo@trottlaw.com |
| jjr@therubinsteinfirm.com | |

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

    NOW COMES Defendant, KEVIN SCOTT, by and through his attorneys, THE RUBINSTEIN LAW FIRM, and for his First Set of Request for Admissions to Defendant, states as follows:

## INSTRUCTIONS

 1. Each Request for Admission must be answered separately and fully in writing under oath. The answer must include such information as is available to the party served or that the party could obtain from his or her employees, agents, representatives, successors or assigns.  If the answering

party objects to a Request for Admission, the reason for the objection must be stated in lieu of an answer.

2. The answering party shall repeat each Request or sub-question immediately before the answer to same.

3. The answers must be signed by the person making them and the objections signed by the Attorney or an unrepresented party making them.

4. Each Request is to be answered fully, in writing, and under oath within twenty-eight (28) days from the date of service of these Requests for Admissions.

5. The Requests for Admissions are to be read, interpreted and complied with in accordance with Federal Rules of Civil Procedure, these instructions and the definitions set forth hereunder. Care should be taken to assure that all documents (as defined herein) which are covered by the applicable request are disclosed.

6. The Requests for Admissions are to be regarded as continuing and must provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by the Counter-Defendant or any person on behalf of the Counter-Defendant which will augment or otherwise modify any answers given to the Requests for Admissions. Such supplemental responses shall be required upon your receipt, directly or indirectly, of such information from the time this document is served to the date of trial.

7. When used in these Requests for Admissions, the term "Defendant" or any synonym thereof is intended to and shall include TROTT LAW P.C. and all agents, servants, employees, representatives, or others who are in possession of or may have obtained information for or on behalf of BANK OF AMERICA N.A. ("BANA"). Further, when used in these Requests for Admissions, "Plaintiff" shall refer to Kevin Scott.

## **REQUESTS FOR ADMISSIONS**

Request for Admission No. 1
Admit that Defendant agreed to perform debt collection services on behalf of BANA.

Request for Admission No. 2
Admit that Defendant agreed to perform mortgage services on behalf of BANA.

Request for Admission No. 3

Admit that Defendant does not have any documentation supporting Plaintiff's alleged default and/or non-payment on the Mortgage alleged in Plaintiff's complaint.

Request for Admission No. 4

Admit that despite receiving a dispute and demand for validation of the alleged outstanding debt outlined in Defendant's letter to Plaintiff dated September 20, 2016, that Defendant made no efforts whatsoever to validate Plaintiff's account before initiating foreclosure proceedings against Plaintiff.

Request for Admission No. 5

Admit that Defendant has no documentation supporting the position that Plaintiff's outstanding account with BANA at the time of the initiation of foreclosure proceedings was in excess of $180,000.00 as alleged in Defendant's letter dated September 20, 2016.

Request for Admission No. 6

Admit that Defendant was compensated by BANA for its performance of Collections and/or mortgage services.

Request for Admission No. 7

Admit that Trott Law P.C. owns a controlling interest in the Detroit Legal News.

Request for Admission No. 8

Admit that Defendant never sent any sort of validation to Plaintiff regarding Plaintiff's alleged defaulted Mortgage.

Request for Admission No. 9

Admit that Defendant's letter to Plaintiff dated September 20, 2016 was sent in efforts to collect on the outstanding account of Plaintiff's mortgage.

Request for Admission No. 10

Admit that Defendant initiated foreclosure proceedings before the thirty (30) day period given to Plaintiff to respond according to the September 20, 2016 letter had elapsed.

Request for Admission No. 11

Admit that the foreclosure proceedings against Plaintiff were stopped due to Plaintiff's payment to BANA.

Respectfully submitted,
The Rubinstein Law Firm

Dated:   April 22, 2020

BY: /s/ *Jan Jeffrey Rubinstein*
Jan Jeffrey Rubinstein (P57937)
Attorney for Plaintiff