## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN SCOTT,

                Plaintiff,              CASE NO. 16-13734
                                       HON. DENISE PAGE HOOD

v.

TROTT LAW, P.C.,

                Defendant.

_____/

## <u>ORDER DENYING MOTION TO ALTER JUDGMENT (#88)</u>

This matter is before the Court on Plaintiff Kevin Scott's Motion To Alter Judgment under Rules 59(e) and 60(b) of the Rules of Civil Procedure. On October 5, 2023, the Court entered an Order and Judgment dismissing Plaintiff's case. (ECF Nos. 86, 87)

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure.   Rule 59(e) provides that any motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.   Fed. R. Civ. P. 59(e).   Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice.   *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).   A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new

arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Rule 60(b) of the Federal Rules of Civil Procedures provides that,

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard.  *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).   Motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order.   Fed. R. Civ. P. 60(c)(1).   Motions under Rule 60(b)(4) and (6) must be filed "within a reasonable time."   Fed. R. Civ. P. 60(c)(1).   The catch-all provision in subsection (6) is only available on when Rules 60(b)(1) through (b)(5) are inapplicable. *Kemp v. United States,* 142 S.Ct.

1856, 1861 (2022).  Exceptional and extraordinary circumstances are needed to grant relief under Rule 60(b)(6) and limited to "unusual and extreme situations where principles of equity mandate relief."  *Jones v. Bradshaw,* 46 F.4th 459, 482 (6th Cir. 2022).

After reviewing Plaintiff's Motion, the Court finds that Plaintiff's Motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication.  Plaintiff's Motion has not shown that the Court committed a clear error of law or that altering the Order and Judgment would prevent manifest injustice.  The Motion to Alter Judgment under Rule 59(e) is denied.

Plaintiff has not identified the subsection of Rule 60(b) under which he is entitled to relief.  The Court finds Plaintiff has not met his burden that the Order and Judgment should be set aside based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud under Rules 60(b)(1), (2) or (3).  Rules 60(b)(4) and (5) do not apply since Plaintiff has not shown that the Judgment is void, has been satisfied, reversed, vacated, or applied prospectively would no longer equitable.  As to the catch-all provision under Rule 60(b)(6), the Court finds that Plaintiff has not shown exceptional and extraordinary circumstances to grant relief.  The Court denies Plaintiff's Motion to Alter

Judgment under Rule 60(b).

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Amend or Correct Judgment **(ECF No. 88)** is DENIED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:   September 30, 2024